OPINION
{¶ 1} Defendant-appellant, Bernard K. Barbour, Jr., was indicted on September 10, 2004, on three counts of rape and two counts of sexual battery. Appellant had previously been indicted in case No. 03CR-8639, on similar charges arising from the same facts, but that indictment was dismissed prior to this indictment being filed. The trial court dismissed Count 5, sexual battery, pursuant to a Crim.R. 29 motion. (Tr. at 144.) The jury found appellant guilty of two counts of rape and one count of sexual battery and the trial court sentenced appellant to life terms on the rape counts, merged those counts, and four years on the sexual battery count, to be served concurrently with each other. The trial court also determined appellant was a sexual predator.
 {¶ 2} Appellant filed a notice of appeal,[1] raising the following assignments of error:
ASSIGNMENT OF ERROR NUMBER ONE
THE DEFENDANT WAS DEPRIVED OF HIS CONSTITUTIONAL RIGHT TO THE EFFECTIVE ASSISTANCE OF COUNSEL WHEN HIS ATTORNEY FAILED TO MOVE TO DISMISS FOR A SPEEDY TRIAL VIOLATION, WHICH WOULD HAVE RESULTED IN THE DISMISSAL OF CHARGES.
ASSIGNMENT OF ERROR NUMBER TWO
THE DEFENDANT DID NOT RECEIVE A FAIR TRIAL DUE TO THE INEFFECTIVE ASSISTANCE OF COUNSEL FOR FAILING TO OBJECT TO THE IMPROPER ADMISSION OF PHOTOGRAPHS OFFERED AS PROOF OF SEXUAL ABUSE, IMPROPER OPINION EVIDENCE OF GUILT, HEARSAY EVIDENCE, AND THE STATE'S MOTION IN LIMINE.
 {¶ 3} By the first assignment of error, appellant contends that he did not receive a fair trial due to the ineffective assistance of counsel for failing to move to dismiss for a speedy trial violation, which would have resulted in the dismissal of the charges. R.C. 2945.73(B) requires that a defendant must be discharged if he has not been tried within the required time period, and he makes a proper motion at or prior to the commencement of trial.
 {¶ 4} In order to demonstrate that his counsel's representation was ineffective, appellant must demonstrate that: (1) counsel's performance was deficient; and (2) this deficient performance prejudiced the defense. Strickland v. Washington
(1984), 466 U.S. 668, 687. "A defendant does not state a claim for ineffective assistance of counsel unless his attorney acted unreasonably given the facts of the case, and the unreasonable conduct was prejudicial to the defense." State v. Mills (1992),62 Ohio St.3d 357, 370, certiorari denied (1992), 505 U.S. 1227. For counsel's error to warrant reversal, it must be professionally unreasonable and there must be a reasonable probability that, but for the errors, the result of the proceeding would have been different. Strickland, at 694. See, also, State v. Bradley (1989), 42 Ohio St.3d 136, 142. "`A reasonable probability is a probability sufficient to undermine confidence in the outcome.'" Id., at 142, quoting Strickland.
Because of the difficulties inherent in determining whether effective assistance of counsel was rendered in any given case, a strong presumption exists that counsel's conduct fell within the wide range of reasonable, professional assistance. Bradley, at 142.
 {¶ 5} Appellant was indicted on December 26, 2003, in case No. 03CR-8639, on three counts of rape and one count of unlawful conduct with a minor. This indictment was dismissed on July 22, 2004, and on September 10, 2004, appellant was indicted on similar charges arising from the same conduct. Appellant argues that the speedy trial time ran before the first indictment was dismissed and trial counsel was ineffective for failing to move to dismiss these charges.
 {¶ 6} However, appellant must demonstrate that a motion to dismiss for speedy trial violations would have been granted. Since appellant bears the burden of demonstrating error by reference to matters in the record, the record must contain evidence of speedy trial violations. See Knapp v. EdwardsLaboratories (1980), 61 Ohio St.2d 197, 199. Many of the necessary filings to determine whether there was a speedy trial violation, such as the indictment and continuances from case No. 03CR-8639, are not part of this record on appeal. Thus, this is not a proper issue before us and appellant's first assignment of error is not well-taken.
 {¶ 7} By the second assignment of error, appellant contends that he did not receive a fair trial due to the ineffective assistance of counsel for failing to object to the improper admission of photographs offered as proof of sexual abuse, improper opinion evidence of guilt, hearsay evidence, and the state's motion in limine.
 {¶ 8} The jury trial consisted of the testimony of three witnesses. The first witness was S.C., a 13-year old girl. S.C. testified that, in August 2003, appellant was her mother's boyfriend and lived with them. S.C.'s friend, Marco, was spending the night because his grandmother, with whom he lived, was in the hospital. S.C. testified that she and Marco were watching television in the living room and appellant and her mother were in her mother's bedroom. (Tr. at 25.) Appellant came out of the bedroom twice, the first time he went directly into the kitchen and the second time he gave them beer, condoms and a porn movie. (Tr. at 26-27.) S.C. and Marco continued watching "Fear Factor." (Tr. at 28.) Eventually, S.C. went into her bedroom to sleep. Marco followed her, but after she fell asleep, he went back into the living room to sleep on the couch. S.C. awakened to find her pajamas around her ankles, and appellant was there with his fingers inside her vagina. (Tr. at 30.) She told appellant to leave and he did.
 {¶ 9} S.C. also testified concerning a second incident which occurred on a different day, after school had resumed, in September 2003. (Tr. at 32.) S.C. was taking a shower, when appellant opened the door to tell her someone was on the phone. She stepped out of the shower and wrapped a towel around her but appellant entered the bathroom and locked the door. (Tr. at 33.) He pushed her onto the toilet and asked where she was going. (Tr. at 33-34.) He put his tongue inside her vagina and then his finger. (Tr. at 34.)
 {¶ 10} S.C. also testified that, on October 17, 2003, she was suspended from school for fighting. She was mad at her mother because her mother was angry and would not listen to her explanation so she ran away. She spent the night at her father's friend, Meisha's house, because her father was in jail. (Tr. at 41.) In the morning, Meisha called S.C.'s aunt who picked S.C. up. When S.C. got home, her mother asked her about what had happened between her and appellant and S.C. told her.
 {¶ 11} The second witness to testify at the trial was a pediatric nurse practitioner who examined S.C. on November 11, 2003. The physical examination was normal but the nurse practitioner testified that a normal physical exam was more common than not.
 {¶ 12} Finally, S.C.'s mother, P.C., testified. She testified that appellant lived with her and her daughter from April or May 2003 until September 15, 2003. She confirmed that S.C. had run away and the next day told her what appellant had done. She found two pictures of S.C. and appellant hidden in her closet and gave them to the prosecution. She believed the pictures confirmed a relationship between appellant and S.C.
 {¶ 13} Appellant contends that he did not receive a fair trial due to the ineffective assistance of counsel for failing to object to the improper admission of these photographs offered as proof of sexual abuse, and the improper opinion evidence of guilt when S.C.'s mother testified about the pictures. As previously stated, to demonstrate that his counsel's performance was ineffective, appellant must demonstrate that his counsel's performance was deficient; and this deficient performance prejudiced the defense.
 {¶ 14} Appellant argues his counsel should have objected to the photographs because they were irrelevant and inadmissible. The pictures do not display any sexual misconduct and are irrelevant as to whether any misconduct occurred. We cannot say whether the decision not to object was trial strategy or not. Appellant's counsel used the photographs to extensively cross-examine S.C.'s mother and implied that there were other pictures from that roll of film that she had failed to give to the prosecution in order to question her motive and to attack her credibility. The Ohio Supreme Court in State v. Clayton (1980),62 Ohio St.2d 45, 49, stated regarding trial strategy, "[a]lthough trial counsel's strategy was questionable, we must defer to his judgment."
 {¶ 15} Even if these pictures and testimony were inadmissible, appellant has not demonstrated prejudice by showing that the outcome of the trial would have been different. Given the testimony of S.C., it is difficult to determine that the photographs and mother's testimony regarding the photographs were the determining factor in appellant's conviction.
 {¶ 16} Appellant also contends that trial counsel was ineffective for failing to object to hearsay evidence. When the nurse practitioner testified regarding the medical history given by S.C, she stated that the history was given by S.C. to a caseworker from Children's Services rather than directly to the nurse. The nurse testified that, once a child has given a history, they are not asked by each agency to repeat it in an effort to reduce the trauma. However, the nurse stated that, during the history, S.C. indicated that appellant was the perpetrator. It is well-settled in Ohio that statements made for the purpose of medical diagnosis or treatment are admissible under Evid.R. 803(4). State v. Dever (1992), 64 Ohio St.3d 401;State v. Edinger, Franklin App. No. 05AP-31, 2006-Ohio-1527. In paragraph two of the syllabus in Dever, the court determined that statements made by a child during a medical examination identifying the perpetrator of sexual abuse, if made for the purpose of diagnosis and treatment, are admissible pursuant to Evid.R. 803(4). The Dever court, at 413, also noted that, in "United States v. Renville [1985], 779 F.2d [430,] 436-438, the leading case in this area, a federal appellate court found that statements made by a child identifying the perpetrator of the sexual abuse are pertinent to both diagnosis and treatment of the child." (Emphasis sic.) Thus, the medical report in this case would be admissible if the caseworker from Children's Services had testified regarding the statement of identity given by S.C. See Edinger.
 {¶ 17} In this case, S.C. did not relate the medical history to the nurse who testified. While it would certainly be the better practice to have the caseworker testify, even though counsel was deficient in his failure to object to the nurse's testimony, under the facts of this case, it was not prejudicial error. Here, S.C. testified and appellant was able to cross-examine her. The nurse repeated the allegations about which S.C. had already testified and been subject to cross-examination. Such determinations of credibility and the weight to be given to the evidence are for the trier of fact. State v. DeHass (1967),10 Ohio St.2d 230, paragraph one of the syllabus. Finally, there is not a reasonable probability that the outcome of the trial would have been different. We note that, had defense counsel objected to the nurse practitioner's testimony, the prosecutor presumably could have corrected the problem by calling the caseworker to testify. Under these circumstances, appellant cannot show the outcome of the trial would have been different. Thus, appellant has not demonstrated prejudice.
 {¶ 18} The final argument appellant raises in his assignment of error is that his trial counsel was ineffective for failing to object to the state's motion in limine. The state filed a motion in limine regarding the fact that S.C. had a child during the pendency of this case. The trial court determined that this evidence should be excluded by the rape shield law pursuant to R.C. 2907.02(D), which provides, as follows:
Evidence of specific instances of the victim's sexual activity, opinion evidence of the victim's sexual activity, and reputation evidence of the victim's sexual activity shall not be admitted under this section unless it involves evidence of the origin of semen, pregnancy, or disease, or the victim's past sexual activity with the offender, and only to the extent that the court finds that the evidence is material to a fact at issue in the case and that its inflammatory or prejudicial nature does not outweigh its probative value.
In this case, the evidence would not be used to determine the origin of the pregnancy and it is not material to a fact at issue in the case and its inflammatory or prejudicial nature does outweigh its probative value. The trial court would not have sustained appellant's objection had it been made. Appellant wanted to use the evidence as an attempt to attack credibility, which is not permitted. Appellant's counsel was not ineffective for failing to object to the motion in limine since the objection would have been overruled. Counsel need not raise meritless issues. State v. Hill (1996), 75 Ohio St.3d 195.
 {¶ 19} Although not designated in the assignment of error, appellant also argues in his brief that his trial counsel was ineffective for failing to request grand jury testimony transcripts. A defendant requesting grand jury transcripts is required to demonstrate a particularized need and appellant has failed to show any need other than a general argument that the victim's testimony may have changed. See State v. Greer (1981),66 Ohio St.2d 139, paragraph two of the syllabus. Appellant has not demonstrated that his counsel was ineffective and his second assignment of error is not well-taken.
 {¶ 20} For the foregoing reasons, appellant's two assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
Petree and McGrath, JJ., concur.
[1] Plaintiff-appellee, the State of Ohio, argues that appellant's notice of appeal was untimely. However, a modified judgment entry on sentencing was filed and the notice of appeal was timely from that entry.