OPINION
{¶ 1} Appellant, Bernard K. Barbour, Jr. ("appellant"), filed this appeal seeking review of a judgment by the Franklin County Court of Common Pleas dismissing his petition for postconviction relief. For the reasons that follow, we affirm the trial court's judgment. *Page 2 
 {¶ 2} On December 26, 2003, appellant was indicted in case No. 03CR-8639 on three counts of rape and one count of unlawful sexual conduct with a minor. The indictment alleged that the offenses occurred during the time frame of August 15, 2003 through October 17, 2003. Appellant was arraigned on December 31, 2003, and a bond was set, but appellant remained incarcerated in lieu of bond. The case was initially set for trial on March 11, 2004.
 {¶ 3} Appellant filed a motion for a bill of particulars on February 23, 2004, to which the appellee, State of Ohio ("State"), responded on March 4, 2004. The March 11, 2004 trial date was then continued at the request of the parties, with appellant waiving his speedy trial rights for the period of the continuance with respect to the pending charges, as well as to any future charges arising from the same set of facts. The new trial date was May 11, 2004. The case was then transferred to the docket of a different judge, and the trial date was rescheduled to April 6, 2004.
 {¶ 4} The April 6, 2004 trial date was then continued at appellant's request. Appellant again waived his speedy trial rights as to the pending charges as well as any subsequent charges arising from the same set of facts. The new trial date was May 18, 2004. A second request for a bill of particulars was filed on April 30, 2004. The May 18, 2004 trial date was then continued at the request of the parties, with appellant again waiving his speedy trial rights as to pending and subsequent charges. The new trial date was June 10, 2004. The State filed a response to the request for a bill of particulars on May 24, 2004.
 {¶ 5} The State requested a continuance of the June 10, 2004 trial date due to issues with the availability of the prosecuting witness. Appellant waived his speedy trial *Page 3 
rights for the period of the continuance as to the pending charges, but not as to any subsequent charges arising from the same set of facts. Appellant was released on a recognizance bond on June 10, 2004. The new trial date was July 22, 2004.
 {¶ 6} On July 22, 2004, the State entered a nolle prosequi on all of the charges. On September 10, 2004, appellant was reindicted in case No. 04CR-5960. The indictment charged appellant with three counts of rape during the same time period as the first indictment, but included as additional facts that the victim was under the age of 13 years. The indictment also included two counts of sexual battery.
 {¶ 7} Appellant was arraigned on September 21, 2004, and a $20,000 recognizance bond was set. The initial trial date of October 5, 2004 was continued at the request of the parties, with appellant waiving his speedy trial rights for the period of the continuance. The new trial date was November 9, 2004. That trial date was then continued due to appellant's counsel being engaged in another trial. Appellant once again waived his speedy trial rights, and the new trial date was January 24, 2005.
 {¶ 8} The case proceeded to a jury trial, and appellant was found not guilty on one count of rape, and guilty on the other two counts of rape, with findings that the victim was under the age of 13 years and was compelled to submit by force or threat of force. Appellant was also found guilty on one of the counts of sexual battery. The other count of sexual battery was dismissed pursuant to Crim. R. 29.
 {¶ 9} Appellant filed a direct appeal, which included as one of the assignments of error that he was denied the effective assistance of counsel due to his trial counsel's failure to file a motion to dismiss the indictment due to violation of his speedy trial rights. We affirmed appellant's convictions, holding that, with respect to appellant's claim *Page 4 
regarding his speedy trial rights, the issue was not properly before us because the record did not include filings from case No. 03CR-8639, such as the indictment and continuances, necessary to allow us to consider the claim. State v. Barbour, Franklin App. No. 05AP-612, 2006-Ohio-4980, at ¶ 6.
 {¶ 10} On January 20, 2006, appellant filed a petition seeking postconviction relief pursuant to R.C. 2953.21. Appellant argued that he was entitled to postconviction relief because he was denied effective assistance of counsel due to his trial counsel's failure to file a motion to dismiss the charges against him due to a violation of his rights to a speedy trial. Appellant further argued that his trial counsel was ineffective because he failed to interview some witnesses that could have supported appellant's defense. On April 12, 2006, and again on April 5, 2007, the trial court directed appellant's counsel to provide additional information for the court to consider. Supplemental materials were provided on May 31, 2007. The State conceded that appellant had not been brought to trial in time on the charge of sexual battery, but otherwise argued that no speedy trial violation had occurred. Thus, the trial court considered the applicability of the speedy trial provisions only to the two rape charges for which appellant was convicted.
 {¶ 11} Declining to conduct an evidentiary hearing, the trial court considered all of the pleadings and concluded that, in case No. 03CR-8639, appellant was held in lieu of bond for a total of 171 days. The court found that a total of 102 of those days were tolled for purposes of appellant's speedy trial right, which meant that 69 days of the time during which appellant was held counted against the speedy trial period. Applying the triple count provision set forth in R.C. 2945.71(E), this meant that 207 days of the 270-day period during which the State was required by R.C. 2945.71(C)(2) to bring appellant to *Page 5 
trial had elapsed at the time the State filed the nolle prosequi in case No. 03CR-8639, leaving the State 63 days to bring appellant to trial in case No. 04CR-5960.
 {¶ 12} As to case No. 04CR-5960, the trial court found that the only period of time during which appellant had not waived his speedy trial rights was the period from September 21 through October 5, 2004, or 14 days. The trial court therefore concluded there had been no violation of appellant's speedy trial rights. Based on that conclusion, the trial court found that appellant could not prevail on his claim of ineffective assistance of counsel based on his trial counsel's failure to file a motion to dismiss for violation of his speedy trial rights, because such a motion would not have been successful. The trial court also rejected appellant's claim regarding his trial counsel's failure to interview possible witnesses, concluding that nothing in the record established that their testimony would have been helpful to appellant's defense. Consequently, the trial court granted appellant's petition for postconviction relief as to the charge of sexual battery for which appellant was convicted, but dismissed the petition as to appellant's other claims.
 {¶ 13} Appellant filed this appeal, alleging two assignments of error:
 FIRST ASSIGNMENT OF ERROR:
 The trial court committed prejudicial error by denying Mr. Barbour's Petition to Vacate and Set Aside Judgment where the petition presented sufficient operative facts and evidence dehors the trial record to entitle Mr. Barbour to relief.
 SECOND ASSIGNMENT OF ERROR:
 The trial court erred in refusing to conduct an evidentiary hearing on Mr. Barbour's Petition to Vacate and Set Aside Judgment when the evidence offered in support of the petition demonstrated Mr. Barbour's ineffective assistance of counsel claim. The trial court's error deprived Mr. Barbour of his constitutional right to due process as guaranteed by the Fifth *Page 6 
and Fourteenth Amendments to the United States Constitution.
 {¶ 14} Appellant's assignments of error are interrelated, and will be addressed together. In order to prevail on a claim of ineffective assistance of counsel, appellant must show that his counsel's performance fell below an objective standard of reasonableness, and that he suffered prejudice as a result. Strickland v. Washington (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674. The court inStrickland recognized that "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance[.]" Id. at 689. In analyzing claims of ineffective assistance of counsel, courts have applied a two-part test where "[t]he defendant must show (1) deficient performance by counsel, i.e., performance falling below an objective standard of reasonable representation, and (2) resulting prejudice, i.e., a reasonable probability that, but for counsel's errors, the proceeding's result would have been different." State v. Sapp, 105 Ohio St.3d 104, 115-116,2004-Ohio-7008, at ¶ 76, 822 N.E.2d 1239, 1253. When a claim of ineffective assistance of counsel is based on counsel's failure to file a particular motion, a defendant must show that the motion had a reasonable probability of success. State v. Adkins, 161 Ohio App.3d 114,2005-Ohio-2577, 829 N.E.2d 729.
 {¶ 15} Appellant argues that a motion to dismiss for a violation of his speedy trial rights would have been successful because his waivers of his speedy trial rights as to the initial charge in case No. 03CR-8639 cannot be applied to the charges in case No. 04CR-5960. When an accused waives the right to speedy trial as to an initial charge, that waiver does not apply to additional charges arising from the same set of circumstances *Page 7 
brought after the waiver, because the waiver could not have been made knowingly, voluntarily, and intelligently as to subsequent charges.State v. Adams (1989), 43 Ohio St.3d 67, 538 N.E.2d 1025. See, also,State v. Homan, 89 Ohio St.3d 421, 2000-Ohio-212, 732 N.E.2d 952. The question as argued by the parties is whether the charges in the second indictment constituted additional charges.
 {¶ 16} However, it is not necessary for us to decide whether the charges in the second indictment were additional charges. The Supreme Court of Ohio recently decided a case that explains the distinction between a waiver of speedy trial rights and tolling of those rights under R.C. 2945.72(E), which provides that the time period during which an accused must be brought to trial may be extended "by reason of a * * * motion * * * made or instituted by the accused" and R.C. 2945.72(H), which extends the speedy trial time for "[t]he period of any continuance granted on the accused's own motion * * *" The court explained that theAdams waiver analysis does not apply to situations in which a defendant has taken an action that tolls the speedy trial time, even where the defendant's motion included waiver language, because the tolling provisions in R.C. 2945.72 apply regardless of whether the defendant waived time. State v. Blackburn, Slip Opinion No. 2008-Ohio-1823, at ¶ 22. Based on the automatic nature of the tolling provisions, the court held that "periods of delay resulting from motions filed by the defendant in a previous case also apply in a subsequent case in which there are different charges based on the same underlying facts and circumstances of the previous case." Id. at syllabus.
 {¶ 17} In this case, only one of the continuances in case No. 03CR-8639 was made on motion of the State exclusively, with all others being granted either on joint *Page 8 
motion of both parties or only on appellant's motion.[1] Consequently, the periods of delay in case No. 03CR-8639 that were the result of motions made or joined in by appellant did apply to the charges in case No. 04CR-5960, regardless of whether the addition of the age of the victim in the second indictment made those charges additional charges. Adding all periods of delay that were not tolled by appellant's motions, appellant was brought to trial within the 270-day period required by R.C. 2945.71(C)(2). Thus, the failure to file a motion to dismiss the indictment for violating appellant's speedy trial rights could not have constituted ineffective assistance of counsel, because such a motion would not have been successful.
 {¶ 18} Furthermore, because a motion to dismiss for violation of appellant's speedy trial rights would not have been successful, and determination of this issue did not depend upon factual allegations that could not be determined by examination of the files and records in this case, the trial court did not err by declining to hold a hearing on appellant's claim that his trial counsel was ineffective for failing to file a motion to dismiss on speedy trial grounds. See State v.Milanovich (1975), 42 Ohio St.2d 46, 71 O.O.2d 26, 325 N.E.2d 540.
 {¶ 19} Appellant also claimed in his postconviction petition that trial counsel was ineffective for failing to contact witnesses whose names appellant had provided to counsel as possible witnesses in the case. The trial court rejected this claim, finding that the evidentiary materials offered in support of the petition for postconviction relief established that counsel did not contact those witnesses, but otherwise did not indicate *Page 9 
that those potential witnesses could have offered testimony that would have been helpful to appellant's case. The court concluded that, because the evidentiary materials presented did not show how appellant was prejudiced by counsel's failure to contact those witnesses, it was not necessary to hold a hearing.
 {¶ 20} We agree with the trial court's analysis. Because appellant did not offer any evidence that the witnesses identified by appellant would have offered testimony that would have been helpful to his case, appellant's petition did not establish a basis for the requested relief, and the trial court did not err in declining to hold an evidentiary hearing to consider further evidence.
 {¶ 21} Accordingly, both of appellant's assignments of error are overruled, and we affirm the trial court's judgment.
Judgment affirmed.
McGRATH, P.J., and BRYANT, J., concur.
[1] The only motion for continuance in case No. 03CR-8639 that was made solely on the State's motion was for the continuance from June 10, 2004 until July 22, 2004, during which period appellant was released on a recognizance bond. *Page 1