[Cite as *State v. Merriweather*, 2010-Ohio-2279.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | ) | CASE NO. 09 MA 160 |
| | ) | |
| PLAINTIFF-APPELLEE | ) | |
| | ) | |
| VS. | ) | OPINION |
| | ) | |
| HASSAN MERRIWEATHER | ) | |
| | ) | |
| DEFENDANT-APPELLANT | ) | |

CHARACTER OF PROCEEDINGS:     Criminal Appeal from the Court of
Common Pleas of Mahoning County,
Ohio
Case No. 2008-CR-349C

JUDGMENT:     Affirmed.

APPEARANCES:

For Plaintiff-Appellee:     Atty. Paul J. Gains
Mahoning County Prosecutor
Atty. Ralph M. Rivera
Assistant Prosecuting Attorney
21 West Boardman Street, 6th Floor
Youngstown, Ohio  44503

For Defendant-Appellant:     Atty. Martin E. Yavorcik
3736 Boardman-Canfield Road
Suite 3
Canfield, Ohio  44406

JUDGES:

Hon. Cheryl L. Waite
Hon. Joseph J. Vukovich
Hon. Mary DeGenaro

Dated:  May 20, 2010

WAITE, J.

{¶1}   Appellant Hassan Merriweather is appealing his eight-year prison sentence.  He was involved in the robbery and shooting death of Demar Flores on March 17, 2008.  Four people were charged in the Mahoning County Court of Common Pleas as codefendants in the crime.  Appellant eventually pleaded guilty to one count of complicity to aggravated robbery, a first degree felony with a potential prison term of ten years.  Appellant argues that he should have received a shorter prison sentence because he cooperated in the trial of his codefendant Reginald Gilchrist; because he had virtually no prior criminal record; and because he showed true remorse at the sentencing hearing.  Appellant argues that the court should have considered this mitigating evidence at sentencing.  The record reveals that the trial court considered all the appropriate sentencing factors and criteria, and imposed a sentence within the range of sentences permitted by law.  The state asked for the maximum prison term to be imposed, and the court imposed only an eight-year prison term.  It is apparent that the court considered some mitigating evidence at sentencing, particularly since the court imposed less than the maximum ten-year prison term.  The sentence is neither clearly and convincingly contrary to law nor an abuse of discretion, and the conviction and sentence are affirmed.

{¶2}   Appellant was indicted on March 27, 2008, on one count of complicity to aggravated robbery, R.C. 2911.01(A)(1), a first degree felony.  There was an accompanying three-year gun specification, R.C. 2941.145.  Counsel was appointed to represent Appellant.  Three other codefendants were indicted at the same time.  Charles E. Smith, Jr., was indicted for aggravated murder.  Reginald Gilchrist and

Sarah Beck were indicted for complicity to aggravated murder and aggravated robbery.

{¶3} On June 10, 2009, Appellant agreed to enter into a Crim.R. 11 plea agreement. He pleaded guilty to complicity to aggravated robbery, and the prosecutor agreed to dismiss the gun specification. The court held a plea hearing, advised Appellant of the rights he was waiving by entering the guilty plea, and then accepted the plea. There was no agreement as to sentencing. The court held the sentencing hearing on August 12, 2009. The prosecutor stated that two codefendants had pleaded guilty and that Reginald Gilchrist's case had gone to trial, but he was acquitted. Appellant had agreed to testify against Reginald Gilchrist, but gave inconsistent testimony at trial. (8/12/09 Tr., p. 3.) The prosecutor also stated that Appellant could have been charged with aggravated murder but was not because of his initial cooperation in the case. (8/12/09 Tr., pp. 2-3.) The prosecutor recommended that the court impose the maximum prison term of ten years.

{¶4} Appellant's attorney stated that Appellant's only prior criminal record consisted of a misdemeanor offense in Pennsylvania, and that there was little risk of recidivism. He agreed with the prosecutor that Appellant gave inconsistent testimony at the trial of Reginald Gilchrist. He noted that, unlike the other codefendants, Appellant stayed at the scene of the crime and attempted to comfort the victim before the police arrived. He stated that Appellant was in over his head as the crime unfolded and that he did not intend for the victim to get shot. Appellant's attorney told the court that Appellant had endured a difficult life, including being shot as a

child. Appellant gave a statement at the hearing, testifying that he was sorry for his involvement with the crime and that what happened was "beyond my free will". (8/12/09 Tr., p. 9.)

{¶5} The court stated that it considered the record, the oral and written statements presented at sentencing, the prosecutor's recommendation, the presentence investigation, the principles and purposes of sentencing in R.C. 2929.11, and the seriousness and recidivism factors in R.C. 2929.12. The court sentenced Appellant to eight years in prison. The sentencing entry was filed on August 13, 2009, and this timely appealed followed on September 14, 2009.

ASSIGNMENT OF ERROR

{¶6} "THE TRIAL COURT ERRED WHEN IT IMPOSED A SENTENCE THAT WAS AN ABUSE OF DISCRETION."

{¶7} Subsequent to the holdings in *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, trial courts have, "full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." Id. at paragraph seven of the syllabus. Under R.C. 2953.08(G)(2)(b), appellate courts must use a two-step approach in reviewing felony sentences, examining whether the sentence is clearly and convincingly contrary to law and whether the trial court abused its discretion in imposing the penalty. *State v. Gratz*, 7th Dist. No. 08MA101, 2009-Ohio-695, ¶8; *State v. Gray*, 7th Dist. No. 07MA156, 2008-Ohio-6591, ¶17. First, we must "examine the sentencing court's compliance

with all applicable rules and statutes in imposing the sentence to determine whether the sentence is clearly and convincingly contrary to law." *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, ¶26. In examining all applicable rules and statutes, courts must consider R.C. 2929.11 and R.C. 2929.12. Id. at ¶13-14. If the sentence is clearly and convincingly not contrary to law, the second step of review is to determine whether the trial court's exercise of discretion in selecting a sentence within the permissible statutory range constitutes an abuse of discretion. Id. at ¶17. An abuse of discretion is more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. *Kalish*, at ¶19.

{¶8} Appellant concedes that the sentence is not clearly and convincingly contrary to law. Instead, Appellant argues that the sentence represents an abuse of discretion because the trial court failed to properly consider R.C. 2929.11 and 2929.12. Certainly, the principles and purposes of sentencing in R.C. 2929.11 and the seriousness and recidivism factors in R.C. 2929.12 are an integral part of the felony sentencing process. *State v. Mathis*, 109 Ohio St.3d 54, 2006-Ohio-855, 846 N.E.2d 1, ¶38. As Appellant acknowledges, the sentencing court need not make findings regarding these statutes. A silent record raises the rebuttable presumption that the sentencing court considered all the proper statutory sentencing criteria. *State v. James*, 7th Dist. No.07CO47, 2009-Ohio-4392, ¶50. Appellant has not pointed to anything in the record, or to any omission from the record, that indicates an abuse of discretion.

**{¶9}** The trial judge specifically stated that she considered R.C. 2929.11 and 2929.12 in determining the appropriate sentence. Furthermore, the record contains evidence supporting the imposition of a harsher penalty rather than a less severe penalty. The robbery resulted in a murder, which is arguably the most serious form that a robbery can take. Appellant had already received an immediate benefit of his plea bargain when the firearm specification was dropped, thus removing a mandatory three-year prison term that would have been added to his sentence on the robbery. The court may consider charges that are eventually dropped when it is formulating its sentence. *State v. Wiles* (1991), 59 Ohio St.3d 71, 78, 571 N.E.2d 97. The record also indicates that Appellant received a benefit by being charged with the lesser crime of complicity to aggravated robbery rather than complicity to aggravated murder.

**{¶10}** Appellant believes that his remorse for the crime should have been a factor at sentencing, but the record is somewhat contradictory about his remorse. Although he did say he was sorry for his participation in the crime, he also said that his actions were somehow beyond his free will, which seems to indicate a denial of responsibility. Appellant stated that he did not wish for the crime to occur, but nothing in the record corroborates that statement. He admitted that he was present at the scene of the crime to sell illegal drugs, so he intended to commit some type of crime when the robbery and shooting occurred. He stated that he cooperated in the prosecution of his codefendants, but also admits that he gave contradictory testimony during the trial of Reginald Gilchrist. It is not clear what impact Appellant's

contradictory testimony had on Mr. Gilchrist's trial, which resulted in an acquittal, but the fact that he gave contradictory testimony indicates a certain lack of cooperation rather than a reason to impose a less severe sentence. Thus, Appellant's supposed mitigating circumstances do not really lend support for imposing a less severe sentence. Even with his weak mitigating evidence, the trial court decided to impose less than the maximum sentence, indicating that the court did consider the mitigating circumstances that Appellant discusses in this appeal.

{¶11} The eight-year prison term is within the range of sentences available to the trial court, and there is no abuse of discretion found in the record. The court considered the principles and purposes of felony sentencing in R.C. 2929.11, and the seriousness and recidivism factors in R.C. 2929.12. Therefore, Appellant's assignment of error is overruled and the judgment of the trial court is affirmed.

Vukovich, P.J., concurs.

DeGenaro, J., concurs.