[Cite as *State v. Matland*, 2010-Ohio-6585.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | ) | |
| | ) | |
| PLAINTIFF-APPELLEE, | ) | |
| | ) | |
| VS. | ) | CASE NO. 09-MA-115 |
| | ) | |
| RUDOLPH K. MATLAND, III, | ) | OPINION |
| | ) | |
| DEFENDANT-APPELLANT. | ) | |

CHARACTER OF PROCEEDINGS:     Criminal Appeal from Court of Common
Pleas of Mahoning County, Ohio
Case No. 08CR1251

JUDGMENT:     Affirmed

APPEARANCES:
For Plaintiff-Appellee          Paul Gains
Prosecutor
Ralph M. Rivera
Assistant Prosecutor
21 West Boardman St., 6th Floor
Youngstown, Ohio 44503

For Defendant-Appellant          Attorney Rebecca M. Gerson
Attorney Mark I. Verkhlin
839 Southwestern Run
Youngstown, Ohio 44514

JUDGES:

Hon. Gene Donofrio
Hon. Cheryl L. Waite
Hon. Mary DeGenaro

Dated: December 30, 2010

DONOFRIO, J.

{¶1} Defendant-appellant Rudolph K. Matland III (Matland), appeals his multiple-count conviction and sentence in the Mahoning County Common Pleas Court. Matland contends he was denied effective assistance of counsel at trial due to counsel's alleged failure to assert his right to a speedy trial. Further, Matland argues that the trial court imposed its sentence without appropriately balancing the purposes and principles of sentencing pursuant to R.C. 2929.11, as well as the seriousness and recidivism factors presented in R.C. 2929.12.

{¶2} On October 30, 2008, Matland was indicted by the Mahoning County Grand Jury in case no. 08 CR 1251 for the following offenses: (1) attempted murder, in violation of R.C. 2903.02(A)(D) and R.C. 2923.02(E)(1), a first-degree felony; (2) felonious assault, in violation of R.C. 2903.11(A)(2)(D), a second-degree felony; (3) kidnapping, in violation of R.C. 2905.01(A)(3)(C), a first-degree felony; (4) aggravated burglary, in violation of R.C. 2911.11(A)(1)(B), a first-degree felony; (5) aggravated burglary, in violation of R.C. 2911.11(A)(1)(B), a first-degree felony; (6) felonious assault, in violation of R.C. 2903.11(A)(1)(D), a second-degree felony; (7) disrupting public services, in violation of R.C. 2909.04(A)(1)(C), a fourth-degree felony; and (8) menacing by stalking, in violation of R.C. 2903.211(A)(1)(B)(2)(b), a fourth-degree felony. (Direct Presentment, Case No. 08 CR 1251; Sentencing Tr., p.2-3.)

{¶3} On December 18, 2008, Matland was indicted for domestic violence, in violation of R.C. 2919.25(A)(D)(3), a fourth-degree felony in Mahoning County Common Pleas Court case no. 08 CR 1360. (Sentencing Tr., p.3.)

{¶4} On May 4, 2009, Matland's cases were called for a jury trial. However, a plea agreement was reached whereby Matland changed his former plea of not guilty and entered a plea of guilty pursuant to Crim.R. 11. (Change of Plea at 2.) The State moved to dismiss counts one (attempted murder), five (aggravated burglary), six (felonious assault), and seven (disrupting public services) of the indictment in case no. 08 CR 1251. (Change of Plea at 4-5.) In exchange, Matland pled guilty to counts two (felonious assault), three (kidnapping), four (aggravated burglary), and eight (menacing by stalking), with the State recommending an aggregate eight-year

term of imprisonment. (Change of Plea at 5.)

**{¶5}** In case no. 08 CR 1360, Matland pleaded guilty to an amended count of domestic violence, a first-degree misdemeanor. (Change of Plea at 5-6.) After engaging in a plea colloquy with Matland, the court accepted his pleas of guilty and ordered that the matter be set for sentencing.

**{¶6}** On June 25, 2009, Matland's sentencing was held. After hearing from all parties, the court sentenced Matland to a prison term of eight years. (Sentencing Tr., p.23.) Matland subsequently filed a timely appeal.

**{¶7}** Matland raises two assignments of error, the first of which states:

**{¶8}** "Defendant-Appellant, Rudolph K. Matland III, was denied effective assistance of counsel pursuant to the test in *State v. Madrigal*, 87 Ohio St.3d 378, 388-389, 2000-Ohio-448, 721 N.E.2d 52, and *Strickland v. Washington* (1984), 466 U.S. 668, 687-688, 104 S. Ct. 2052, 80 L.Ed.2d 674."

**{¶9}** Specifically, Matland contends that the State violated his statutory right to a speedy trial, and trial counsel's failure to assert that right by filing a motion to dismiss upon the expiration of the speedy-trial clock denied him effective assistance of counsel, as the motion would have been successful, resulting in dismissal of the pending criminal charges.

**{¶10}** For its part, the State maintains that Matland's trial counsel rendered effective assistance, as numerous tolling events prevented the speedy-trial clock from expiring prior to appellant executing a waiver of his speedy-trial rights.

**{¶11}** In order to prevail on a claim of ineffective assistance of counsel, Matland must demonstrate that (1) counsel's performance was deficient, and (2) that deficient performance prejudiced the defense. *Strickland v. Washington* (1984), 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674. After *Strickland*, the Ohio Supreme Court adopted a two-part test for analyzing claims for ineffective assistance of counsel. *State v. Madrigal* (2000), 87 Ohio St.3d 378, 388-89, 721 N.E.2d 52. To prove such a claim, the defendant must show "(1) that counsel's performance fell below an objective standard of reasonableness, and (2) that counsel's deficient

performance prejudiced the defendant resulting in an unreliable or fundamentally unfair outcome of the proceeding." Id. at 389, 721 N.E.2d 52, citing *Strickland* at 687-88, 104 S.Ct. 2052, 80 L.Ed.2d 674.

{¶12} The first prong of the *Strickland* test requires the reviewing court to determine whether trial counsel's assistance was actually ineffective – that is, whether counsel's performance fell below an objective standard of reasonable advocacy or fell short of counsel's basic duties to the client. *State v. Bradley* (1989), 42 Ohio St.3d 136, 141-43, 538 N.E.2d 373. The defendant must show that counsel made errors that were sufficiently egregious, such that counsel was not acting in a manner guaranteed by the Sixth Amendment. Id. at 141, 538 N.E.2d 373. Because of the inherent difficulties in making this evaluation, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance[.]" *Strickland* at 689, 104 S.Ct. 2052, 80 L.Ed.2d 674. Further, "every effort [must] be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." Id. at 689, 104 S.Ct. 2052, 80 L.Ed.2d 674. In addition, the reviewing court must grant due deference to legitimate trial strategy decisions, as trial strategy and tactics are left to the discretion of the individual attorney, and sound decisions on these matters do not constitute ineffective assistance of counsel. Id. at 689, 104 S.Ct. 2052, 80 L.Ed.2d 674; *State v. Brown* (Jan. 30, 2001), 7th Dist. No. 96 CA 56, 69. Following the guidance of *Strickland*, Ohio courts have unwaveringly endorsed the presumption that a licensed attorney is competent. *State v. Calhoun* (1999), 86 Ohio St.3d 279, 289, 714 N.E.2d 905.

{¶13} If the reviewing court concludes that counsel's performance fell below this objective standard, the court must then determine whether the defendant actually suffered prejudice due to defense counsel's deficiency, such that the reliability of the trial's outcome should be called into question. *Strickland* at 688, 104 S.Ct. 2052, 80 L.Ed.2d 674. To warrant reversal, a defendant must show that there is a reasonable

probability that, but for counsel's unprofessional error, the result of the proceeding would have been different. *Bradley* at paragraph three of the syllabus, 538 N.E.2d 373.

**{¶14}** A reviewing court can only make a finding of ineffective assistance of counsel once the defendant has affirmatively established *both* prongs of the *Strickland* test. *Strickland* at 687, 693, 104 S.Ct. 2052, 80 L.Ed.2d 674. And the court need not address both prongs if appellant fails to prove either one. *Calhoun* at 289, 714 N.E.2d 905; *Bradley* at 143, 538 N.E.2d 373.

**{¶15}** When a claim of ineffective assistance of counsel is based on counsel's failure to file a particular motion, the appellant must show that the motion had a reasonable probability of success. *State v. Adkins*, 161 Ohio App.3d 114, 2005-Ohio-2577, 829 N.E.2d 729, at ¶14. If the motion would not have been successful, the appellant cannot prevail on an ineffective assistance of counsel claim. *State v. Barbour*, 10th Dist. No. 07AP-841, 2008-Ohio-2291, at ¶14. Here, Matland's claim centers on trial counsel's failure to file a motion to dismiss based upon an alleged violation of his right to a speedy trial. As such, an analysis of Matland's first assignment of error necessitates a review of the law pertaining to speedy-trial rights.

**{¶16}** As a general principle, "an appellant cannot raise a speedy-trial issue for the first time on appeal." *State v. Turner*, 168 Ohio App.3d 176, 2006-Ohio-3786, 858 N.E.2d 1249, at ¶21. If, at the trial level, a defendant does not contest counsel's failure to file a motion to dismiss for the violation of his right to a speedy trial, the matter is waived for appellate purposes. *State v. Hergenroder*, 7th Dist. No. 07 CO 17, 2008-Ohio-2410, at ¶13; *Turner*, 168 Ohio App.3d 176, 2006-Ohio-3786, 858 N.E.2d 1249, at ¶22.

**{¶17}** This Court, however, has recognized that allowing "a defendant to enter a guilty plea after speedy trial time had expired would amount to ineffective assistance of counsel, and thus, could affect the knowing and voluntary nature of the plea." *State v. Heverly*, 7th Dist. No. 09 CO 4, 2010-Ohio-1005, at ¶10; see, also, *State v. Gray*, 2nd Dist. No. 20980, 2007-Ohio-4549, at ¶21 (holding that, where the

trial attorney permitted the defendant to execute a waiver of his speedy-trial rights and later admitted that she was unaware that the time limit had run, "counsel's failure to move for dismissal strays outside the range of reasonable assistance"). Matland likewise asserts that his trial counsel rendered ineffective assistance by allowing him to sign a waiver of his speedy-trial rights and subsequently plead guilty to the indictment after the State failed to bring him to trial within the 270-day limit of R.C. 2945.71.

{¶18} Ohio recognizes both a constitutional and a statutory right to a speedy trial. *State v. King* (1994), 70 Ohio St.3d 158, 161, 637 N.E.2d 903; see also Sixth Amendment, United States Constitution; Section 10, Article I, Ohio Constitution. The Sixth Amendment of the U.S. Constitution provides that, "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy [trial]." The General Assembly has embodied this fundamental right in the provisions of R.C. 2945.71 to 2945.73. R.C. 2945.71; R.C. 2945.72; R.C. 2945.73. Thus, the Ohio Supreme Court has found the statutory speedy-trial provisions set forth in R.C. 2945.71 to be coextensive with constitutional speedy-trial provisions. *State v. O'Brien* (1987), 34 Ohio St.3d 7, 9, 516 N.E.2d 218. The rationale supporting the speedy-trial statute was to prevent "inexcusable delays caused by indolence within the judicial system." *State v. Ladd* (1978), 56 Ohio St.2d 197, 200, 10 O.O.3d 363, 383 N.E.2d 579.

{¶19} R.C. 2945.71 provides the timeframe for a defendant's right to a speedy trial based on the level of offense. As stated previously, Matland was initially indicted on eight felony counts. According to the Ohio Revised Code, "a person against whom a charge of felony is pending shall be brought to trial within two hundred seventy days after his arrest." R.C. 2945.71(C)(2). However, each day the defendant spends in jail solely on the pending criminal charge counts as three days. R.C. 2945.71(E). For purposes of this calculation, the Tenth District Court of Appeals has clarified, "where more than one charge has arisen from a single transaction and the multiple charges share a common litigation history from arrest onward, incarceration on the multiple charges will be considered incarceration on the 'pending charge' for

purposes of 2945.71(E)." *State v. Madden*, 10th Dist. No. 04AP-1228, 2005-Ohio-4281, at ¶29-30, citing *State v. Parsley* (1993), 82 Ohio App.3d 567, 571, 612 N.E.2d 813. Here, Matland's felony charges (in case no. 08 CR 1251) stem from "a single transaction" arising out of the September 30, 2008 incident, and those charges shared a "common litigation history from arrest onward[.]" Thus, at least initially, Matland was entitled to the triple-count provision for the time he spent in jail after his arrest.

**{¶20}** Section 2945.72 lists a number of tolling events that may extend the period of time in which the prosecution must bring a defendant to trial. R.C. 2945.71(A)-(I). If the State fails to meet the statutory time limits, then the trial court must discharge the defendant. R.C. 2945.73. The Supreme Court of Ohio has "imposed upon the prosecution and the trial courts the mandatory duty of complying" with the speedy-trial statutes. *State v. Singer* (1977), 50 Ohio St.2d 103, 105, 4 O.O.3d 237, 362 N.E.2d 1216. As such, the speedy-trial provisions are strictly construed against the State. *Brecksville v. Cook* (1996), 75 Ohio St.3d 53, 57, 661 N.E.2d 706; *Singer* at 105, 4 O.O.3d 237, 362 N.E.2d 1216.

**{¶21}** Consequently, the role of the reviewing court is to count the days of delay chargeable to either side and determine whether the case was tried within the time limits set forth in the Code. *State v. Hart*, 7th Dist. No. 06 CO 62, 2007-Ohio-3404, at ¶8-9, citing *State v. High* (2001), 143 Ohio App.3d 232, 757 N.E.2d 1176. Moreover, this duty is not affected by whether the State raised certain filings as tolling events. *State v. Williams*, 7th Dist. No. 07 MA 162, 2008-Ohio-1532, at ¶38.

**{¶22}** Upon demonstrating that the statutory time limit has expired, the defendant has established a prima facie case for violation of his speedy-trial rights, thereby warranting dismissal. *State v. Butcher* (1986), 27 Ohio St.3d 28, 30-31, 27 OBR 445, 500 N.E.2d 1368. If the defendant can make this showing, the State then has the burden to establish any exceptions that may have suspended the speedy-trial clock. *Butcher* at 31, 27 OBR 445, 500 N.E.2d 1368. As such, the resolution of Matland's ineffective assistance of counsel claim requires scrutinizing the record to

ascertain the tolling potential of each filing event.

**{¶23}** In the present case, both sides acknowledge that Matland was arrested on September 30, 2008. (Brief of the Defendant-Appellant at 9; Appellee-State of Ohio's Answer Brief at 9.) As Matland remained incarcerated while unable to make bail and, as noted, was initially entitled to the triple-count provision, Matland estimates that "[t]he ninety (90) day period in which Appellant was required to be brought to trial expired on December 30, [2008]." (Brief of Defendant-Appellant at 9.) At the trial level, this showing would have sufficed to obligate the State to produce evidence that Matland was not entitled to the triple-count provision of R.C. 2945.71(E), or that specific events tolled the speedy-trial clock and Matland was ultimately brought to trial within the statutory time limit. See *Butcher* at 31, 27 OBR 445, 500 N.E.2d 1368. However, because the issue was not raised at trial, this Court must conduct an independent evaluation of the record to determine whether any events in the proceedings tolled the speedy-trial allotment. *Hart* at ¶8-9.

**{¶24}** At the outset, this matter is complicated by the fact that the record, as submitted to this Court, is silent as to the details of Matland's arrest. While the briefs of both parties stipulate that Matland was taken into custody on September 30, 2008, there is nothing in the record proving this fact. In making this assertion, Matland cites to the indictment, but the indictment only references September 30, 2008 as the date of the alleged crimes – it states nothing about the date of arrest. (See Direct Presentment, Case No. 08 CR 1251; Brief of the Defendant-Appellant at 9.) The State, presumably recognizing the absence of evidence on this point, cites to information contained in its own motion to supplement the record, filed just three days before its answer brief and still pending before this Court. (Appellee-State of Ohio's Answer Brief at 9; Appellee-State of Ohio's Motion to Supplement the Record, Appendix A.) However, because neither party contests this date, there appears to be no reason why the court should not recognize September 30, 2008 as the date of arrest.

**{¶25}** Nevertheless, even accepting this date as the day of arrest without

documentary support, a point of contention still arises: the evidence the State seeks to introduce in its motion to supplement establishes not just *when* Matland was arrested, but *where* Matland was arrested and held – a fact that significantly impacts the calculation of the speedy-trial timetable. Consequently, this Court's analysis of the underlying issues must begin with the resolution of the State's still-pending motion to supplement the record (and its subsequent motion to amend its motion to supplement).

{¶26} On March 29, 2010, the State moved this Court to supplement the record with documents from the Augusta County Sheriff's Department, pursuant to App.R. 9(E). The documents, which included incident reports and correspondence relevant to appellant's arrest, demonstrated that Matland was in fact arrested in Augusta County, Virginia on September 30, 2008. The State subsequently filed a motion to amend its initial motion to supplement with a communication from the Mahoning County Sheriff Department indicating that the date on which Matland was taken into custody by Mahoning County was October 29, 2008. Absent this evidence, there is nothing in the record to indicate that Matland was ever detained anywhere other than in Mahoning County.

{¶27} R.C. 2945.72(A) dictates that the speedy-trial clock will toll for: "[a]ny period during which the accused is unavailable for hearing or trial, by reason of other criminal proceedings against him, within or outside the state, by reason of his confinement in another state, or by reason of the pendency of extradition proceedings, provided that the prosecution exercises reasonable diligence to secure his availability[.]"

{¶28} As such, if the State can prove Matland was arrested in Virginia on September 30, 2008, and remained there awaiting extradition until his transfer to Mahoning County on October 29, 2008, then that entire period would be tolled by virtue of R.C. 2945.72(A). Conversely, without the State's supplementary material, there is nothing in the record establishing that Matland was ever held anywhere other than Mahoning County, and this Court must presume that the speedy-trial clock ran

unabated from the date of arrest, with three days counted for every day of incarceration. See *State v. Turner*, 7th Dist. No. 93 CA 91, 2004-Ohio-1545, at ¶23 (clarifying that speedy-trial time commences when an accused is arrested, but the actual day of arrest is *not* counted, and that the triple-count provision applies for the period during which the accused is held solely on the pending charge). Therefore, to say nothing of any subsequent events, the disposition of this issue alone would yield a differential of 29 days (87 with the triple-count provision) in either direction.

{¶29} Ultimately, though, this Court does not need to resolve this issue in order to reach a decision on Matland's first assignment of error. Even absent the State's supplemental evidence, the undisputed portions of the record clearly demonstrate that other events tolled enough time to prevent the expiration of the speedy-trial clock prior to Matland signing the waiver. Therefore, the State's motion to supplement is overruled as moot.

{¶30} We will assume arguendo that the speedy-trial clock began running on September 30, 2008, the date of arrest. Because Matland was initially held solely on the pending charge (the consolidation of the eight felony counts), R.C. 2945.71(E) mandates that each day of incarceration count as three against the speedy-trial clock. *Parsley*, at 571, 612 N.E.2d 813. As established, though, the actual day of arrest is not counted for purposes of this calculation. *Turner*, 7th Dist. No. 93 CA 91, 2004-Ohio-1545, at ¶23.

{¶31} Matland was arraigned on October 30, 2008. At the arraignment, Matland entered a plea of not guilty and the court set the pretrial date for November 3, 2008. (Oct. 30, 2008 J.E.) At pretrial, the parties jointly moved to continue the trial to a later date. (Nov. 6, 2008 J.E.) Citing no authority, Matland argues that "[s]ince the continuance was for a pretrial hearing, and the trial date itself was not continued, Appellant's speedy trial time did not toll." (Brief of the Defendant-Appellant at 10.) This assertion is clearly contrary to the law. See *State v. Hairston*, 101 Ohio St.3d 308, 2004-Ohio-969, 804 N.E.2d 471, at ¶12 (holding that a pretrial continuance tolls the speedy-trial clock); *State v. Williams*, 7th Dist. No. 07 MA 162, 2008-Ohio-1532,

at ¶12 (allowing pretrial rescheduling to toll speedy-trial clock); *State v. Baker* (1993), 92 Ohio App.3d 516, 530, 636 N.E.2d 363 (tolling speedy-trial clock for 32 days due to pretrial continuance).

**{¶32}** In *Hairston*, the Supreme Court of Ohio looked to R.C. 2945.72(H), which suspends the speedy-trial clock for "[t]he period of any continuance granted on the accused's own motion, and the period of any reasonable continuance granted other than upon the accused's own motion[.]" The court held that the plain language of this provision does not preclude its application to a trial court rescheduling pretrial conferences, declaring "[w]e apply unambiguous statutes according to the plain meaning of the words used." *Hairston*, 101 Ohio St.3d 308, 2004-Ohio-969, 804 N.E.2d 471, at ¶12. Rather, the noted provision in R.C. 2945.72(H) refers generally to "the period of *any* reasonable continuance[.]" Id. (Emphasis in original.)

**{¶33}** Moreover, it is well established that any period of delay "made or joined in by appellant" may toll the speedy-trial clock. *State v. Barbour*, 10th Dist. No. 07AP-841, 2008-Ohio-2291, at ¶16-18. This Court has held: "[w]hen the parties agree to a continuance, even if it is not on the motion of the defendant, the continuance is presumptively reasonable and there is no need to explain the reason for the continuance on the record." *State v. Freeman*, 7th Dist. No. 08 MA 81, 2009-Ohio-3052, at ¶50 (overruled on other grounds); see, also, *State v. Rupp*, 7th Dist. No. 05MA166, 2007-Ohio-1561, at ¶108. Some courts have gone even further, holding that time is tolled even if the defendant outright objects to the continuance. *State v. Wade*, 10th Dist. No. 03AP-774, 2004-Ohio-3974, at ¶13.

**{¶34}** Consequently, upon the court's judgment entry of November 6, 2008, the speedy-trial clock was suspended. To that point, 36 days had passed from the date of arrest. Thus, with the triple-count provision, 108 days had accumulated toward the 270-day limit.

**{¶35}** The pretrial was eventually reset for December 8, 2008. Generally, the speedy-trial clock would resume running on this date. However, on November 26, 2008, Matland filed a plea of not guilty by reason of insanity. The trial court's

judgment entry of December 10, 2008 formally recognized Matland's plea and ordered that the Forensic Psychiatric Center of Northeast Ohio, Inc. conduct an evaluation of Matland to assess his mental competence. This plea further extended the State's time limit.

**{¶36}** According to R.C. 2945.72(B), the time in which an accused must be brought to trial is also tolled for "[a]ny period during which the accused is mentally incompetent to stand trial or during which his mental competence to stand trial is being determined[.]" As such, this Court has held that entering a plea of not guilty by reason of insanity automatically "toll[s] the operation of the speedy-trial statute until resolution of that issue." *Turner*, 7th Dist. No. 93 CA 91, 2004-Ohio-1545, at ¶30. Here, it appears the question of Matland's mental competence was never resolved prior to the execution of his speedy-trial waiver. Nothing in the record mentions the outcome of this evaluation before trial, so this Court must presume that the determination was still pending. Such a presumption is not unreasonable, as these examinations routinely necessitate a considerable delay. See *State v. Hiatt* (July 15, 1996), 4th Dist. No. 94 CA 578, 7-8 (allowing speedy-trial time to toll for 63 days pending mental competency evaluation); *Freeman*, 7th Dist. No. 08 MA 81, 2009-Ohio-3052, at ¶52 (allowing speedy-trial time to toll for 71 days pending mental competency evaluation).

**{¶37}** In *Freeman*, this Court also made clear that the speedy trial clock begins tolling upon the court's judgment entry ordering the defendant's competency evaluation, rather than simply on the date the defendant filed his plea. Id. Here, because the previous tolling event was lifted on December 8, 2008, and the court's judgment entry ordering the evaluation was dated December 10, 2008, another two days elapsed that would be charged to the State. Thus, 38 days had accumulated on the speedy-trial clock – totaling 114 with the triple-count provision.

**{¶38}** However, the resulting delay from the mental competency evaluation would then have tolled the speedy-trial clock until the execution of Matland's limited waiver on February 19, 2009. During this period, 71 days passed – precisely the

amount of time that this Court recognized as a reasonable delay in *Freeman*. Id. Here, although it is unclear when the trial court received the results of Matland's assessment, the court did not spend an unreasonable amount of time awaiting the Psychiatric Center's determination. As such, the speedy-trial count remained at 114 days.

**{¶39}** From December 10, 2008, to February 19, 2009, a number of other events also affected the speedy-trial timetable. Of course, if the delay accompanying Matland's competency evaluation validly tolled this entire period, then this conclusion essentially renders the intervening events inconsequential. Nonetheless, as both parties raised issues regarding these events, they will be addressed in turn.

**{¶40}** On December 18, 2008, Matland was indicted on a charge of domestic violence, a fourth-degree felony, in Mahoning County Common Pleas Court case no. 08 CR 1360. Matland was subsequently arraigned on December 30, 2008, at which point he entered a plea of not guilty and the court set dates for pretrial and trial. While the record before this Court is devoid of any documents detailing these proceedings, both parties stipulated to these facts. (Brief of the Defendant-Appellant at 5; Appellee-State of Ohio's Answer Brief at 2.)

**{¶41}** As already established, the triple-count provision of R.C. 2945.71(E) is only applicable to those defendants held in jail in lieu of bail *solely* on the pending charges. *State v. Brown* (1992), 64 Ohio St.3d 476, 479, 597 N.E.2d 97. Accordingly, this Court has held that, "where the offender would not be let free if the pending charge was dismissed due to the existence of another charge * * * then the triple-count provision does not apply." *State v. Davis*, 7th Dist. No. 01 CA 171, 2002-Ohio-2789, at ¶18, citing *State v. McDonald* (1976), 48 Ohio St.2d 66, 357 N.E.2d 40. Thus, upon the introduction of the new domestic violence charge, Matland was no longer being held solely on the pending charge (the pending charge being the eight felony counts in case no. 08 CR 1251). The new charge stemmed from events allegedly occurring on September 16, 2008, not from the "same transaction" that precipitated the initial charge. (Motion in Limine to Prohibit the State from Introducing

Evidence of Other Crimes, Bad Acts, etc.)  Further, the charges cannot be said to have shared a "common litigation history from arrest onward[.]" *Madden*, 10th Dist. No. 04AP-1228, 2005-Ohio-4281, at ¶29-30, citing *Parsley* at 571, 612 N.E.2d 813. Consequently, the triple-count provision was inapplicable for the remainder of the proceedings, as neither matter was resolved prior to the execution of the limited waiver or the final plea agreement. *Brown* at 479, 597 N.E.2d 97, citing *State v. Dunkins* (1983), 10 Ohio App.3d 72, 74-75, 460 N.E.2d 688.  Therefore, even without the tolling effect of Matland's plea of not guilty by reason of insanity – or had the evaluation been completed at any earlier point – the speedy-trial clock would still not have reached the 270-day limit.

**{¶42}** In addition, on January 28, 2009, Matland's counsel entered a motion to withdraw, which was sustained by the court. (Jan. 30, 2009 J.E.)  As this Court has recognized, counsel's motion to withdraw constitutes a tolling event, with time beginning to run again when substitute counsel is appointed. *State v. Hart*, 7th Dist. No. 06 CO 62, 2007-Ohio-3404, at ¶21.  In the present case, however, this event did not actually toll any time, as the court simultaneously appointed new counsel. (Jan. 30, 2009 J.E.)  Upon his appointment, though, successor counsel concurrently filed the following on January 29, 2009: (1) motion for bill of particulars; (2) motion to compel law enforcement officials to turn over and advise prosecuting attorney of all information acquired during the course of investigation; (3) request for discovery and inspection; and (4) motion for notice of intention to use evidence.

**{¶43}** R.C. 2945.72(E) extends the time in which a defendant must be brought to trial for "[a]ny period of delay necessitated by reason of a plea in bar or abatement, motion, proceeding, or action made or instituted by the accused[.]"  In *State v. Sanchez*, 110 Ohio St.3d 274, 2006-Ohio-4478, 853 N.E.2d 283, the Ohio Supreme Court held that the State need not prove that a defendant's motion causes a delay in order for speedy-trial time to be tolled pursuant to R.C. 2946.72(E), stating:  "It is the filing of the motion itself, the timing of which the defense can control, that provides the state with an extension.  R.C. 2945.72(E) implicitly recognizes that when a motion

is filed by defendant, there is a 'period of delay necessitated' – at the very least, for a reasonable time until the motion is responded to and ruled upon. Id. at ¶26. Moreover, it is well established that requests for discovery and bills of particulars are tolling events pursuant to R.C. 2945.72(E). *State v. Brown*, 98 Ohio St.3d 121, 2002-Ohio-7040, 781 N.E.2d 159, at ¶18-20; *State v. Palmer*, 112 Ohio St.3d 457, 2007-Ohio-374, 860 N.E.2d 1011, at ¶19.

**{¶44}** The delay chargeable to the defendant is only that entailed by the State's response to the motions. *Turner*, 7th Dist. No. 93 CA 91, 2004-Ohio-1545, at ¶25. The State ostensibly complied with Matland's request for discovery on February 3, 2009. (Request and Demand for Discovery Notice and Receipt.) The court sustained all the motions in its judgment entry of February 10, 2009. (Feb. 10, 2009 J.E.) Hence, the speedy-trial time would have tolled again until at least February 10, 2009. This is well within a reasonable time frame for such responses and rulings. See *Sanchez*, 110 Ohio St.3d 274, 2006-Ohio-4478, 853 N.E.2d 283, at ¶26; *Turner*, 7th Dist. No. 93 CA 91, 2004-Ohio-1545, at ¶25.

**{¶45}** On February 13, 2009, Matland filed a motion for discovery and inspection, alleging that the State failed to respond to his initial request – despite evidence to the contrary in the February 3, 2009 discovery receipt. (Motion for Discovery and Inspection; Request and Demand for Discovery Notice and Receipt.) Nonetheless, the State responded on February 19, 2009 with additional discovery material. (Supplemental Discovery.) For the same reasons as stated above, this period would also be tolled.

**{¶46}** Also on February 19, 2009, Matland executed a limited waiver of his right to a speedy trial until May 4, 2009. (Waiver of Right to Speedy Trial; Feb. 19, 2009 J.E.) It is well-settled law that an accused may waive his right to a speedy trial, so long as the waiver is knowingly and voluntarily made. *O'Brien* at 9, 516 N.E.2d 218. Such a waiver must be in writing or expressly made on the record in open court. *State v. King* (1994), 70 Ohio St.3d 158, 160, 637 N.E.2d 903. Furthermore, a waiver may be limited or unlimited in duration. *State v. Bray*, 9th Dist. No. 03CA008241,

2004-Ohio-1067, at ¶8, citing *O'Brien*, at paragraph two of the syllabus, 516 N.E.2d 218.

**{¶47}** In the present case, Matland submitted a signed waiver in which he made handwritten revisions limiting the continuance until May 4, 2009. (Waiver of Right to Speedy Trial; Feb. 19, 2009 J.E.)  However, Matland did not reference a starting point for the waiver. Id.  When a waiver fails to include a specific date as the starting point for the tolling of time, the waiver is deemed to be effective from the date of arrest. *Bray* at ¶8-9.  Consequently, Matland's waiver was effective from September 30, 2008, and he cannot claim any speedy-trial violation for that entire period.

**{¶48}** At the termination of Matland's limited waiver on May 4, 2009, the case was called for trial. (May 5, 2009 J.E.)  There, the State and Matland reached a plea agreement pursuant to Crim.R. 11 negotiations. Id.  This effectively ended the period under consideration for any infringement of Matland's right to a speedy trial.  As the limited waiver tolled the period from February 19, 2009 until May 4, 2009, no additional days accrued to the State's 270-day statutory limit.

**{¶49}** However, the crux of Matland's ineffective assistance of counsel claim hinges on the argument that the limited waiver was not knowingly and voluntarily executed.  Matland contends that, because counsel permitted him to sign the waiver after the speedy-trial time had lapsed, he was denied effective assistance.  The foregoing review of the proceedings amply demonstrates that this argument cannot stand.  Matland was clearly brought to trial within the parameters of both the constitutional and statutory speedy-trial provisions, so his assertion that the waiver was defective must fail.

**{¶50}** In sum, the mere failure to raise the speedy-trial issue does not necessarily indicate a failure of proper representation because the objection may not have been meritorious. *State v. Turner*, 5th Dist. No. 05CA108, 2006-Ohio-3786, at ¶27.  As stated, there cannot be ineffective assistance of counsel if the motion to dismiss would not have been successful. *Barbour* at ¶14.  Here, a motion to dismiss

based on the alleged violation of Matland's right to a speedy trial would have failed unequivocally.

**{¶51}** Moreover, both attorneys representing Matland were aware of all the relevant tolling events – including, through discovery, the information at issue in the State's motion to supplement. (Request and Discovery Demand Notice and Receipt of November 18, 2008; Request and Discovery Demand Notice and Receipt of February 3, 2009.)  Given Ohio's strong presumption that licensed counsel performs competently, it is fair to assume that his counselors did not raise the speedy-trial issue because they had determined it to be futile. *Calhoun* at 289, 714 N.E.2d 905. Thus, it cannot be said "that counsel's performance fell below an objective standard of reasonableness." *Madrigal* at 389, 721 N.E.2d 52, citing *Strickland* at 687-88, 104 S. Ct. 2052.

**{¶52}** Furthermore, under the *Strickland* analysis, there could be no resulting prejudice, as there was not a valid claim to any violation of Matland's speedy-trial rights.  Therefore, Matland fails to satisfy *either* prong under *Strickland*. Id.

**{¶53}** For the foregoing reasons, Matland's first assignment of error is without merit.

**{¶54}** Matland's second assignment of error states:

**{¶55}** "The Trial Court committed reversible error when it sentenced Defendant-Appellant, Rudolph K. Matland III to an eight (8) year prison term simply adopting the sentencing recommendation of the State of Ohio without appropriately balancing the purposes and principles of sentencing pursuant to R.C. 2929.11 and balancing the seriousness and recidivism factors pursuant to R.C. 2929.12."

**{¶56}** Matland contends that the trial court erred in imposing an eight-year term of incarceration, arguing that "it does not appear that [the trial court] considered the factors that it was required to or engaged in any balancing test, but rather blindly adopted the State's sentencing recommendation[.]" (Brief of Defendant-Appellant at 15.)

**{¶57}** It is universally recognized that this issue is guided by the Ohio

Supreme Court's decision in *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, and the subsequent cases that have refined its holding. In *Foster*, the Supreme Court severed the judicial-fact-finding portions of R.C. 2929.14 in order to make Ohio's sentencing scheme compatible with the United State's Supreme Court's decision in *Blakely v. Washington* (2004), 542 U.S. 296, 124 S.Ct. 2531(holding that a trial court may not sentence a defendant based on facts not reflected in a jury verdict). *Foster*'s result dictated that "trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." *Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, at ¶100.

{¶58} Although *Foster* eliminated mandatory judicial fact-finding for upward departures from the minimum, it left intact R.C. 2929.11 and 2929.12. R.C. 2929.11 and 2929.12, however, are not fact-finding statutes like R.C. 2929.14. Instead, they serve as "an overarching guide" for a trial judge to consider in fashioning an appropriate sentence. *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, at ¶17. Specifically, R.C. 2929.11 requires that the sentencing judge consider the purposes and principles of sentencing; R.C. 2929.12, on the other hand, asks that the court weigh certain seriousness and recidivism factors. The trial court must still consider these statutes, as these provisions continue to be "an integral part of the felony sentencing process." *State v. Merriweather*, 7th Dist. No. 09 MA 160, 2010-Ohio-2279, at ¶8, citing *State v. Mathis*, 109 Ohio St.3d 54, 2006-Ohio-855, 846 N.E.2d 1, at ¶38. In considering these statutes in light of *Foster*, the trial court has full discretion to determine whether the sentence satisfies the overriding purpose of Ohio's sentencing structure. *Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, at ¶17. In addition, the sentencing court must be guided by statutes that are specific to the case itself. *Mathis*, 109 Ohio St.3d 54, 2006-Ohio-855, 846 N.E.2d 1, at ¶38.

{¶59} In *Kalish*, the Supreme Court distilled the role of a reviewing court in

light of post-*Foster* sentencing guidelines: "In applying *Foster* to the existing statutes, appellate courts must apply a two-step approach. First, they must examine the sentencing court's compliance with all applicable rules and statutes in imposing the sentence to determine whether the sentence is clearly and convincingly contrary to law. If this first prong is satisfied, the trial court's decision shall be reviewed under an abuse-of-discretion standard." Id. at ¶4.

{¶60} In the first step, the "applicable rules and statutes" includes R.C. 2929.11 and 2929.12. Id.; *Mathis*, 109 Ohio St.3d 54, 2006-Ohio-855, 846 N.E.2d 1, at ¶38. Matland asserts that the trial court wholly disregarded these mandates. In making this claim, Matland points to the sentencing court's statement: "The Court has reviewed the rather lengthy presentence investigation involving the defendant. I have read the communications, gone back and forth in total review of everything I see, and I think the recommendation of the prosecutor, and with the dismissals that took place and the subsequent recommendations that have been made, which I might add are far from the maximum sentences, those recommendations appear to be sufficient under the circumstances." (Sentencing Tr., p.23.) Because the court fails to mention the pertinent statutes by name and does not elaborate on its thoughtful consideration, Matland presumes that the trial court merely adopted the State's recommendation without further deliberation.

{¶61} However, "*Foster* does not require a trial court to provide any reasons in imposing its sentence." *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, at ¶12. The sentencing court need not make specific findings on the record or use specific language to evidence its consideration. *State v. Barnette*, 7th Dist. No. 06 MA 135, 2007-Ohio-7209, at ¶25. Further, a silent record actually "raises the rebuttable presumption that the sentencing court considered all the proper sentencing criteria." *State v. James*, 7th Dist. No. 07CO47, 2009-Ohio-4392, at ¶50.

{¶62} Moreover, the court's judgment entry *does* explicitly reference the relevant sentencing guidelines: "The Court considered the record, pre-sentence investigation report, oral statements, as well as the principles and purposes of

sentencing under ORC § 2929.11 and balances the seriousness and recidivism factors under ORC § 2929.12. The Court finds the Defendant is not amenable to a community control sanction." (June 30, 2009 J.E.) And this Court has held, "[t]he trial court's mere statement that it considered the factors * * * is sufficient to establish compliance with its duty." *Barnette* at ¶25.

**{¶63}** In regard to the case-specific statutes, the eight-year prison term is well within the range of sentences available to the trial court. (Sentencing Tr., p.13-14; Guilty Plea.) As Matland properly explains, "[a] sentence is contrary to law when a court does not consider factors enumerated in R.C. 2929.11 and 2929.12, or if it [is] out of the range of sentences allowed by law[.]" (Brief of Defendant-Appellant at 13.) Here, the trial court considered the relevant statutes and its sentence was within the range of permissible sentences. Therefore, Matland cannot complain that the court's punishment was clearly and convincingly contrary to law.

**{¶64}** Having established that the trial court complied with the applicable rules and statutes, the exercise of its discretion in selecting a sentence within the permissible statutory range is subject to review for abuse of discretion pursuant to *Foster*. *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, at ¶17. An abuse of discretion is "more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, at ¶19, quoting *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140.

**{¶65}** As stated, the trial court specifically stated that it considered R.C. 2929.11 and 2929.12 in determining the appropriate sentence. Further, before making its determination, the court reviewed the pre-sentence investigation report and heard statements made on behalf of both Matland and the victim, detailing his pattern of drug and alcohol abuse.

**{¶66}** Moreover, Matland had already received an immediate benefit in his plea bargain by having four of the charges dropped, some of which were for crimes carrying even harsher penalties. This Court has previously held, "the court may

consider charges that are eventually dropped when it is formulating its sentence." *State v. Merriweather*, 7th Dist. No. 09 MA 160, 2010-Ohio-2279, at ¶9, citing *State v. Wiles* (1991), 59 Ohio St.3d 71, 78, 571 N.E.2d 97; see also *State v. Merriweather*, 7th Dist. No. 09 MA 160, 2010-Ohio-2279, at ¶9 (holding that being charged with a lesser offense constitutes a benefit).

**{¶67}** Finally, the eight-year prison term is within the range of sentences available to the trial court. In fact, the sentences could have been run consecutively, meaning that Matland could have rightfully been sentenced for close to 30 years. Consequently, no abuse of discretion can be found in the record.

**{¶68}** For the foregoing reasons, Matland's second assignment of error is without merit.

**{¶69}** The judgment of the trial court is hereby affirmed.

Waite, J., concurs.

DeGenaro, J., concurs.