**STATE, Plaintiff-Appellee, v. SMITH, Jr., Defendant-Appellant.**

Ohio Appeals, Seventh District, Columbiana County.

No. 760.    Decided January 2, 1958.

G. William Brokaw, Pros. Atty., Lisbon, for plaintiff-appellee.
Coe & Yeagley, Salem, for defendant-appellant.

## OPINION

By PHILLIPS, J.

Defendant was indicted by the Grand Jury of Columbiana County for and found guilty by a petit jury of count one of the indictment of forgery and of count two thereof of uttering and publishing a forged instrument in violation of the provisions of §2913.01 R. C., and sentenced by the trial judge to the Ohio Penitentiary for a term of from one to twenty years.

Defendant appealed to this court from the judgment of conviction of the trial court on questions of law, and contends that the trial judge erred in overruling his motion for a verdict to be directed in his favor at the close of the state's evidence and at the close of all the evidence; and also erred in charging the jury that the alleged published forged instrument was a check.

Late on the night of January 26, 1957, defendant represented himself to the clerk of the Lape Hotel in Salem as Frank Bardawll, a registered guest of that hotel, and persuaded the clerk to cash an instrument in the form of a check for $22.50 drawn on the Farmers National Bank of Salem, Ohio. The clerk gave defendant $20.00 of his own money and at defendant's request kept $2.50 as a tip. Questioned by the clerk at the time of cashing the instrument defendant admitted that he had no account in the bank in his name but stated that he had an expense account due him from the Deming Company of Salem, Ohio, and that when he received that money the next morning he would redeem the obligation. Defendant later attempted to cash another such instrument which the clerk refused to cash.

There is evidence that defendant attempted to cash a check at the Metzger Hotel in Salem at about the time he obtained the money from the clerk at the Lape Hotel, and had borrowed money from the manager of the Metzger Hotel at that time.

There is evidence introduced by the state, and denied by the defendant, and evidence of an attempt by defendant to establish an alibi to rebut state's evidence. This presented questions for the determination of the jury and freed the trial judge of commission of error in overruling defendant's motions for a verdict to be directed in his favor at the close of the state's case and at the close of all the evidence.

Defendant contends that "there was a material variance between the indictment and the evidence of the state with respect to the type of instrument alleged to be forged, which alleged instrument he contends was not a check.

Defendant argues:—

"It seems quite evident from these decisions and definitions that a check is, in the last analysis, evidence of a contract. The bank on which the check is drawn contracts with the drawer to pay on his order. The drawer in turn contracts with the payee that the bank will pay, or if they do not, that he will pay. The check itself is evidence of these contracts. * * *

"* * * There was an express understanding by both parties after full disclosure and agreement that the bank would not and could not pay the obligation because both parties knew there was no contract between the bank and the drawer to pay upon the drawer's order to the bank. How, then, could the instrument be considered to be an order for the bank to pay, which is the common element in all definitions of a check? * * *

"The form itself was chosen for convenience of the parties who did not intend it to be a check within the court's definitions. * * *."

This argument ignores the fact that the defendant forged the name of another to the instrument in question.

Arguing the meaning of §1301.18 R. C., defendant contends:—

"From the language of this section it appears that 'every contract on an instrument' shall be incomplete and revocable until delivery 'for the purpose of giving effect thereto.' Under the evidence in this case there never was a delivery with the purpose of giving effect to the instru-

ment as a check. The delivery was for the purpose of giving the instrument that effect agreed upon by the contract of the parties. The quoted section also provides that as between the parties delivery may be shown to have been 'conditional or for a special purpose only, and not for the purpose of transferring the property in the instrument.' This is exactly what happened here. The parties themselves never intended for this instrument to pass as a check. They did not intend for it to pass title to money already in the bank, and this section clearly allows a showing, between parties to the instrument, that the instrument is for a different purpose than is shown by the fact of the instrument. This section says in effect, that, as between the parties, the intention of the parties in certain cases is part of the contract evidenced by the instrument, and that intention, when proved, governs. Klabfell never took this instrument as a check. He took it for the special purpose of holding it for redemption."

Finally defendant contends that the trial judge erred to his prejudice in admitting such evidence.

We are not impressed by such argument.

The indictment charges that defendant "unlawfully and with intent to defraud one Edward Klabfell, did make, draw and forge a certain check."

The burden of defendant's contention in arguing his assigned ground of error that "the court erred to the prejudice of the defendant-appellant in charging the jury, in effect, that the instrument introduced in evidence as state's Exhibit No. 1, was a check" is that "it seems clear that the trial court in charging the jury that the instrument was in fact a check usurped the function of the jury and, in fact, decided a question of fact which might more properly have been left for the jury's decision," and that:—

"Under the testimony given, it does not seem to be beyond the realm of possibility that the jury might have found the instrument to be a note or simple I. O. U., or they might have found the entire transaction to be a loan rather than the cashing of a forged check. It is evident that if the instrument would have been found by the jury to have been a note, it would have a fatal variance between the indictment and the proof. If the jury found the transaction to be a loan induced by the false representations of defendant as to his identity, the crime itself would have been of an entirely different character."

We find no error prejudicial to the defendant in the charge of the trial judge to which reference is made.

By brief counsel says "no error is claimed in the finding of fact made by the jury; this appeal being based upon rulings of the trial court with reference to the legal effect of certain testimony given at the trial, which was uncontroverted, and the legal effect of the judge's charge to the jury." Now we turn our attention to a disposition of these claimed errors.

In his opinion on the overruling of the motion for a new trial the trial judge summarized well the question presented to him, and to us, as follows:—

"It seems to me that we are dealing here with a negotiable instrument and even though there was an agreement, it is what I term a side agreement, it wasn't incorporated in the instrument at all. For instance, if in a civil case a party sued upon a check, if the party was an innocent purchaser for value, he sued upon the check it would be no evidence to the validity of the check to say, 'well, I gave that check to the person who negotiated it but I had a side agreement that he wouldn't negotiate the check, that I would come in later and pick it up.' * * *

"Now, when this defendant, and the jury must have found that he did this to return the verdict they did, when this defendant signed the name of Bardawll, he was signing a name that was not his own and there was no evidence that he was authorized to sign it and he represented to the night clerk that he was the man Bardawll, who was a guest at the hotel that evening, that it was on the basis of this man being Mr. Bardawll that the night clerk cashed the check, or advanced the money on the basis of a check whatever you want to call it.

"It is significant, seems to me, that the defendant did not sign his own name if he was going to put it up as security, he could have signed his name and said 'hold this until tomorrow morning and I will come in and redeem it' but he realized that the night clerk wouldn't have cashed it or advanced the money had he given his own name and used his own name, so he somehow got the name off the register of one of these guests and signed his name. The fact that there was a side agreement is significant only insofar as it may go to the question of what the intent of the defendant was, certainly had nothing to do with changing the character of the instrument.'

There is no variance between the check set forth in the indictment and the check introduced in evidence. The question of variance is set forth clearly by statute in Ohio in §2941.26 R. C.

A variance must be material to the merits or prejudicial to the defendant. In American Jurisprudence, Volume 23, Paragraph 53, Page 699, it is said:—

"In accord with a general principle of criminal procedure, a variance in substance between the allegations of the indictment for forgery and the proof tendered in support thereof is fatal."

There is no error prejudicial to the defendant in the referral by the trial judge of the paper writing in question as a check in his charge to the jury.

Sec. 2945.83 R. C., provides:—

"No motion for a new trial shall be granted or verdict set aside, nor shall any judgment of conviction be reversed in any court because of:

"(A) An inaccuracy or imperfection in the indictment, information, or warrant, provided that the charge is sufficient to fairly and reasonably inform the accused of the nature and cause of the accusation against him;

"(B) A variance between the allegations and the proof thereof unless the accused is misled or prejudiced thereby;

"(C) The admission or rejection of any evidence offered against or for the accused unless it affirmatively appears on the record that the accused was or may have been prejudiced thereby;

"(D) A misdirection of the jury unless the accused was or may have been prejudiced thereby;

"(E) Any other cause unless it appears affirmatively from the record that the accused was prejudiced thereby or was prevented from having a fair trial."

Following the provisions of §2945.83 R. C., above quoted, the judgment of the court of common pleas is affirmed.

NICHOLS, PJ, concurs in the judgment.
GRIFFITH, J, concurs.