OPINION
{¶ 1} Defendant-appellant Mitchell Wilson (hereinafter "defendant") appeals from the judgment of the Franklin County Court of Common Pleas denying his motion for leave to file a motion for new trial. For the reasons which follow, we affirm the judgment of the trial court.
 {¶ 2} On December 16, 1991, defendant was indicted by the Franklin County Grand Jury on eight counts of felonious assault, each with a firearm specification. The eight counts of felonious assault arose out of shootings on August 21, 1991 at 2048 Cleveland Avenue, which resulted in eight individuals sustaining injury.
 {¶ 3} On April 7, 1992, defendant's trial commenced. Defendant was tried jointly with Antonio Parks.
 {¶ 4} At trial, four witnesses for the state positively identified defendant as one of the shooters. Defendant testified on his own behalf, and stated he was the victim of a series of misidentifications. Moreover, he maintained he was at the home of a friend when the shootings occurred. Mr. Parks also took the stand at his trial. He maintained he was not involved in the shootings. He also denied being around defendant on August 21, 1991.
 {¶ 5} On April 15, 1992, the jury found defendant guilty of all eight counts of felonious assault with firearm specifications. This court affirmed defendant's conviction on appeal. State v. Wilson (Dec. 10, 1992), Franklin App. No. 92AP-653. The Ohio Supreme Court declined to accept defendant's case for review. State v. Wilson (1993),66 Ohio St.3d 1484.
 {¶ 6} Defendant filed a motion for new trial on November 13, 1992. The trial court held a hearing on January 25, 1993. On February 2, 1993, the trial court issued its decision holding defendant was not unavoidably prevented from filing a timely motion for new trial. This court affirmed the trial court's decision in State v. Wilson (Nov. 2, 1993), Franklin App. No. 93AP-732 (hereinafter "Wilson II"). The Supreme Court again declined jurisdiction. State v. Wilson (1994),68 Ohio St.3d 1471.
 {¶ 7} On April 10, 2002, defendant filed a motion for leave to file a motion for new trial based on newly discovered evidence. In support, defendant provided the affidavits of Mr. Parks and Mr. Parks' aunt, Renee Parks. Mr. Parks averred he and Lamar Peoples, aka "Wofat," were the real shooters and defendant was not involved. Ms. Parks provided additional details supporting the theory Messrs. Parks and Peoples were co-participants in the shooting, not defendant.
 {¶ 8} The trial court held a hearing on June 11, 2002. The trial court issued a decision on October 23, 2002, denying defendant's motion for leave to file a motion for new trial. The trial court filed a judgment entry on November 20, 2002.
 {¶ 9} Defendant timely appeals and asserts the following assignment of error:
The trial court erred in denying Appellant's Crim.R. 33(B) Motion for Leave to File a Motion for a New Trial.
 {¶ 10} Crim. R. 33(B) provides in relevant part:
Motions for new trial on account of newly discovered evidence shall be filed within one hundred twenty days after the day upon which the verdict was rendered, or the decision of the court where trial by jury has been waived. If it is made to appear by clear and convincing proof that the defendant was unavoidably prevented from the discovery of the evidence upon which he must rely, such motion shall be filed within seven days from an order of the court finding that he was unavoidably prevented from discovering the evidence within the one hundred twenty day period.
 {¶ 11} "A motion for new trial pursuant to Crim.R. 33(B) is addressed to the sound discretion of the trial court, and will not be disturbed on appeal absent an abuse of discretion." State v. Schiebel (1990), 55 Ohio St.3d 71, paragraph one of the syllabus. "The term `abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 12} As defendant filed a motion for new trial after the 120-day period set forth in Crim.R. 33(B), defendant was required to seek leave of court to file a delayed motion. State v. Mathis (1999), 134 Ohio App.3d 77. Leave from the court is granted only when defendant proves by clear and convincing evidence he was unavoidably prevented from filing a timely motion or discovering the new evidence within the period provided by Crim.R. 33. Id.; State v. Roberts (2001), 141 Ohio App.3d 578. "[A] party is unavoidably prevented from filing a motion for new trial if the party had no knowledge of the existence of the ground supporting the motion for a new trial and could not have learned of the existence of that ground within the time prescribed for filing the motion for new trial in the exercise of reasonable diligence." State v. Walden (1984),19 Ohio App.3d 141, 145-146.
 {¶ 13} Defendant bases his motion on newly discovered evidence. Crim.R. 33(A)(6) addresses a request for new trial based upon newly discovered evidence:
When new evidence material to the defense is discovered which the defendant could not with reasonable diligence have discovered and produced at the trial. When a motion for new trial is made upon the ground of newly discovered evidence, the defendant must produce at the hearing on the motion, in support thereof, the affidavits of the witnesses by whom such evidence is expected to be given * * *.
 {¶ 14} In State v. Petro (1947), 148 Ohio St. 505, syllabus, the Supreme Court held to grant a new trial based on newly discovered evidence, the new evidence must:
* * * (1) disclose a strong probability that it will change the result if a new trial is granted, (2) has been discovered since the trial, (3) is such as could not in the exercise of due diligence have been discovered before the trial, (4) is material to the issues, (5) is not merely cumulative to former evidence, and (6) does not merely impeach or contradict the former evidence.
 {¶ 15} The trial court concluded defendant failed to establish the elements of Petro. First, defendant did not demonstrate his evidence was discovered since trial and could not, in the exercise of due diligence, have been discovered before trial. Further, defendant failed to prove, by clear and convincing evidence, the new evidence was not merely cumulative to former evidence and did not merely impeach or contradict the former evidence. At trial, defendant argued the state's witnesses misidentified him and confused him with Mr. Peoples. The trial court concluded if this argument at trial did not raise a reasonable doubt in the mind of the jury, it was unlikely the additional testimony of Mr. Parks, defendant's co-defendant who is serving a lengthy prison sentence, would make a difference.[1] Moreover, the affidavit of Ms. Parks contains an alleged confession by Mr. Peoples, which was also presented in the affidavit of Sharon Perry, included in defendant's first motion for new trial. SeeWilson II. In concluding Ms. Park's affidavit was not newly discovered evidence, the trial court quoted this court's analysis in Wilson II:
The statement/confession of "Wofat" was truly newly discovered evidence. However, the record does not indicate whether or not anyone attempted to interview "Wofat" prior to trial. Given the fact that all the young men from Windsor Terrace who were involved in the series of events which led up to the second set of shootings knew each other and apparently knew each other fairly well, the existence of "Wofat" and the degree of his involvement apparently could have been ascertained. Appellant has suggested in his brief that the defense at trial relied in part upon a theory that "Wofat" was the guilty party instead of appellant. If in fact that theory was pursued at trial, then some effort to investigate and/or interview "Wofat" before trial should have been made.
 {¶ 16} From the record, we conclude the trial court did not abuse its discretion in finding Mr. Parks' testimony was not new and Ms. Parks' testimony was cumulative. The holding in Wilson II is the law of the case. As such, the Wilson II court's determination "some effort to investigate and/or interview [Mr. Peoples] before trial should have been made" is binding upon our analysis in this instance.
 {¶ 17} The essence of Mr. Perry's testimony in Wilson II and the testimony of Mr. Parks and Ms. Parks is the same. All three affiants implicate Mr. Peoples as the second shooter on August 21, 1991. However, as the Wilson II court held, defendant should have made some effort to investigate and/or interview Mr. Peoples, any evidence presented by defendant implicating Mr. Peoples as a principal in the shooting on August 21, 1991, is not legally sufficient to support a motion for new trial filed over a decade after the shootings.
 {¶ 18} Accordingly, as defendant fails to establish the affidavits of Mr. Parks and Ms. Parks are "newly discovered" evidence, the trial court's denial of defendant's motion for leave to file a motion for new trial was proper. Therefore, defendant's sole assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
Bryant and Lazarus, JJ., concur.
[1] While the trial court incorrectly noted Mr. Parks did not testify at trial, the trial court's analysis with respect to his testimony being cumulative is nonetheless accurate.