[Cite as *State v. [D.M.]*, 2015-Ohio-4257.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 15AP-603 |
| v. | : | (C.P.C. No. 09CR-5355) |
| [D.M.], | : | (ACCELERATED CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on October 13, 2015

*Ron O'Brien*, Prosecuting Attorney, and *Laura R. Swisher*, for appellee.

*D.M.*, pro se.

APPEAL from the Franklin County Court of Common Pleas

BRUNNER, J.

{¶ 1}  Defendant-appellant, D.M., appeals from a decision of the Franklin County Court of Common Pleas denying his motion for leave to file a delayed motion for a new trial.  Because we agree that D.M. was not unavoidably prevented from filing the motion before now, we affirm.

I.  FACTS AND PROCEDURAL HISTORY

{¶ 2}  On September 4, 2009, D.M. was indicted for two counts of rape, one count of sexual battery, and three counts of gross sexual imposition based on sexual conduct and intercourse with his stepdaughter who was 11 or 12 at the time.  He pled not guilty on September 9, 2009.  The common pleas court held a trial on the matter on March 1 and 2, 2010.  At trial, the state dismissed one count of rape and one count of gross sexual

imposition, and the trial court renumbered the charges for trying the remaining charges to the jury.

{¶ 3} After deliberations, on March 4, 2010, the jury found D.M. guilty of all counts (other than the two dismissed counts). The trial court held a sentencing hearing on March 11, 2010. At the hearing, the trial court merged the rape and sexual battery charges and sentenced D.M. to ten years to life on the rape charge. The trial court also sentenced D.M. to five years on each of the two gross sexual imposition counts and ordered him to serve those sentences concurrently with each other but consecutively to the ten years to life that the court imposed for the rape conviction. In total, the trial court sentenced D.M. to serve 15 years to life in prison.

{¶ 4} On April 13, 2010, the state requested leave to appeal, and the next day, April 14, 2010, D.M. appealed as of right. The state sought to appeal the trial court's decision to exclude statements D.M. allegedly made to his minister while seeking counseling with that clergy member. D.M.'s appeal asserted first, that the trial court should not have sentenced on both gross sexual imposition and rape on the alleged ground that gross sexual imposition is a lesser included offense of rape; second, that the trial should not have imposed consecutive sentences without making required findings; and third, that D.M.'s convictions were against the manifest weight of the evidence and supported by insufficient evidence. In a decision issued June 30, 2011, we denied the state leave to appeal and overruled D.M.'s three assignments of error. *State v.* [*D.M.*], 10th Dist. No. 10AP-337, 2011-Ohio-3301.

{¶ 5} On July 8, 2014, D.M. attempted to file by mail while incarcerated a motion for leave to file a delayed motion for new trial but, for reasons unknown, the motion was not filed. However, a motion for leave was filed on August 12, 2014 and supported by an affidavit from D.M. D.M. argued in his motion that he had been prevented from discovering the improperly prejudicial contents of "State's Exhibit A," which had been introduced at trial, that he had only recently become aware of Exhibit A's contents, and that as a result he was prevented from filing a motion for new trial. The state responded in opposition on August 15, 2014 and attached as an exhibit a discovery pleading originally filed in the case approximately two months before trial, noting that records comprising Exhibit A had been delivered by the state in discovery to D.M.'s counsel. On

August 27, 2014, D.M. replied and, on August 29, 2014, supplemented his reply with a number of letters between D.M. and various attorneys dating from April 2010 through August 2011 regarding various matters.

{¶ 6}   On May 28, 2015, the trial court denied D.M.'s motion for leave to file a delayed motion for new trial.  On June 22, 2015, D.M. timely appealed.

## II.  ASSIGNMENTS OF ERROR

{¶ 7}   D.M. asserts two assignments of error:

> 1. IN DENYING APPELLANT'S MOTION FOR LEAVE TO FILE FOR A NEW TRIAL, THE TRIAL COURT ABUSED ITS DISCRETION.
>
> 2. THE TRIAL COURT'S DECISION DENYING APPELLANT'S MOTION IS UNREASONABLE, AND ALSO, CONTRARY TO CRIMINAL RULE 33.

Because these assignments of error are intertwined, we address them together.

## III.  DISCUSSION

{¶ 8}   "We review a court's denial of a motion for leave to file a delayed motion for new trial under an abuse of discretion standard."  *State v. Bass*, 10th Dist. No. 13AP-1052, 2014-Ohio-2915, ¶ 13, citing *State v. Townsend*, 10th Dist. No. 08AP-371, 2008-Ohio-6518.

{¶ 9}   Crim.R. 33 sets forth the bases on which one may obtain a new trial, in relevant part, as follows:

> **(A) Grounds.** A new trial may be granted on motion of the defendant for any of the following causes affecting materially his substantial rights:
>
> (1) Irregularity in the proceedings, or in any order or ruling of the court, or abuse of discretion by the court, because of which the defendant was prevented from having a fair trial;
>
> * * *
>
> (6) When new evidence material to the defense is discovered which the defendant could not with reasonable diligence have discovered and produced at the trial.

Crim.R. 33 also sets forth the timing for motions for a new trial:

> **(B) Motion for new trial; form, time.** Application for a new trial shall be made by motion which, except for the cause of newly discovered evidence, shall be filed within fourteen days after the verdict was rendered, or the decision of the court where a trial by jury has been waived, unless it is made to appear by clear and convincing proof that the defendant was unavoidably prevented from filing his motion for a new trial, in which case the motion shall be filed within seven days from the order of the court finding that the defendant was unavoidably prevented from filing such motion within the time provided herein.
>
> Motions for new trial on account of newly discovered evidence shall be filed within one hundred twenty days after the day upon which the verdict was rendered, or the decision of the court where trial by jury has been waived. If it is made to appear by clear and convincing proof that the defendant was unavoidably prevented from the discovery of the evidence upon which he must rely, such motion shall be filed within seven days from an order of the court finding that he was unavoidably prevented from discovering the evidence within the one hundred twenty day period.

{¶ 10} A motion for a new trial "shall be filed within fourteen days after the verdict was rendered" or, if the motion for new trial is made "on account of newly discovered evidence [it] shall be filed within one hundred twenty days after the day upon which the verdict was rendered." Crim.R. 33(B). The jury returned a verdict in D.M.'s trial on March 4, 2010. As D.M. did not attempt to file a motion for a new trial until 2014, he is well beyond either of the time limits set forth in Crim.R. 33. However, a party may seek leave to file a motion for a new trial based on Crim.R. 33(A)(1) if "it is made to appear by clear and convincing proof that the defendant was unavoidably prevented from filing his motion for a new trial" within the 14-day time limit. Crim.R. 33(B). " '[A] party is unavoidably prevented from filing a motion for [a] new trial if the party had no knowledge of the existence of the ground supporting the motion for a new trial and could not have learned of the existence of that ground within the time prescribed for filing the motion for [a] new trial in the exercise of reasonable diligence.' " *State v. Wilson*, 10th Dist. No. 02AP-1350, 2003-Ohio-5892, ¶ 12, quoting *State v. Walden*, 19 Ohio App.3d 141, 145-46 (10th Dist.1984). Alternatively, a party may also seek leave to file a motion for a new trial outside the 120-day limit for motions based on "newly discovered evidence" if the party

shows "by clear and convincing proof that he was unavoidably prevented from the discovery of the evidence pursuant to Crim.R. 33(B)." *Townsend* at ¶ 7.

{¶ 11} D.M. argues that he, *personally*, did not know what was in Exhibit A. He argues that, as a result, until now, he did not have a basis for filing a motion or objecting to the introduction of Exhibit A. However, D.M. has not shown that *the defense*, being a represented "party," was unaware of Exhibit A or could not have become aware of its contents by the exercise of reasonable diligence. *Wilson* at ¶ 12. Nor has he shown that Exhibit A was "newly discovered evidence" within the meaning of the Rules of Criminal Procedure. Newly discovered evidence, for purposes of Crim.R. 33, is evidence "which the defendant could not with reasonable diligence have discovered and produced at the trial." Crim.R. 33(A)(6). Exhibit A was produced in discovery by the state to the defense in January 2010, two months before trial. A witness testified about Exhibit A's contents at trial, and Exhibit A was admitted without objection at trial. While we accept that D.M. was incarcerated at the county jail pending trial and unable to personally file motions or personally or extensively review the exhibits in his cell, D.M. does not assert that his trial counsel was unaware of Exhibit A or that his counsel was prevented from objecting to it or filing appropriate motions concerning it. D.M. is unable to credibly claim that the defense, as a represented "party," was "unavoidably prevented from * * * discover[ing]" an exhibit that was in his attorney's possession for two months prior to trial, its contents discussed during testimony and admitted at trial. Crim.R. 33(B); *Wilson* at ¶ 12.

{¶ 12} The record also does not suggest that D.M.'s counsel, by failing to object or to file a timely motion based on Exhibit A, was ineffective such that we could conclude that D.M. has "newly discovered" his counsel's ineffectiveness, nor does D.M. actually raise this point in this appeal. Our review of Exhibit A indicates that it included forensic hearsay information, information regarding other, previous acts by D.M., and a mention of an alleged confession by him to clergy. However, it also included information about the victim's sexual history, inconsistencies between what the victim reported to the interviewer and what she testified to at trial, and other material potentially prejudicial to the prosecution. In short, some of the material in Exhibit A could have legitimately been subject to objection by both the defense and prosecution, depending on which party sought to introduce the material. Yet, both defense and prosecution could also have

calculated that Exhibit A, in total, was more helpful than harmful to their respective cases and chosen not to object to its admission.  The failure by D.M.'s counsel to object to the admission of Exhibit A does not raise an inference that he was ineffective or unaware of its contents, and in no way can be characterized as "newly discovered."  *State v. Johnson*, 112 Ohio St.3d 210, 2006-Ohio-6404, ¶ 140, citing *Lundgren v. Mitchell*, 440 F.3d 754, 774 (6th Cir.2006), citing *State v. Campbell*, 69 Ohio St.3d 38, 52-53 (1994) (explaining that a strategic failure to object is not ineffective assistance even where there is a legitimate legal ground for objecting).

## IV.  CONCLUSION

{¶ 13}  We overrule D.M.'s two assignments of error and affirm the decision of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

KLATT and DORRIAN, JJ., concur.

———————————