[Cite as *State v. D.M.*, 2019-Ohio-5086.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 19AP-512 |
| v. | : | (C.P.C. No. 09CR-5355) |
| [D.M.], | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on December 10, 2019

**On brief:** *Ron O'Brien*, Prosecuting Attorney, and *Kimberly M. Bond*, for appellee.

**On brief:** *D.M.*, pro se.

APPEAL from the Franklin County Court of Common Pleas

BRUNNER, J.

{¶ 1} Defendant-appellant, D.M., appeals a decision of the Franklin County Court of Common Pleas entered on July 18, 2019, denying his motion for a final appealable order. Although we find insufficient notice given of post-release control, because D.M.'s criminal judgment was final and appealable in all other respects, we overrule all three of D.M.'s assignments of error and affirm the trial court's denial of D.M.'s motion.

## I. FACTS AND PROCEDURAL HISTORY

{¶ 2} We have previously stated the factual and procedural history of D.M.'s criminal case in *State v. D.M.*, 10th Dist. No. 15AP-603, 2015-Ohio-4257; *State v. [D.M.]*, 10th Dist. No. 10AP-337, 2011-Ohio-3301. In brief, D.M. was indicted in 2009 for two counts of rape, one count of sexual battery, and three counts of gross sexual imposition for sexual conduct and intercourse with his minor stepdaughter. *D.M.*, 2015-Ohio-4257, at ¶ 2. Two counts (one count of rape and one count of gross sexual imposition) were dismissed before trial and a jury convicted him of the remaining counts. *Id.* at ¶ 2-3. During

sentencing in 2010, the trial court merged the rape and sexual battery charges and sentenced D.M. to a total term of 15 years to life in prison for the remaining counts (10 years to life for the rape and a consecutive 5 years for the two gross sexual imposition convictions). *Id.* at ¶ 3. D.M. appealed as of right and the plaintiff-appellee, State of Ohio, also sought to appeal the trial court's decision to exclude statements D.M. allegedly made to his minister while seeking counseling with that clergy member. *Id.* at ¶ 4. In a decision issued June 30, 2011, we denied the State leave to appeal, overruled D.M.'s assignments of error, and affirmed the convictions, finding them to have been sufficiently supported and not against the manifest weight of the evidence. [*D.M.*], 2011-Ohio-3301, at ¶ 33, 39.

{¶ 3} In 2014, D.M. attempted to file a motion for a new trial, alleging prejudice because of an exhibit introduced at trial as "State's Exhibit A." *D.M.*, 2015-Ohio-4257, at ¶ 5. The trial court denied D.M. leave to file the motion for a new trial, and we affirmed on the grounds that D.M.'s motion was untimely and he had not shown he was unavoidably prevented from discovering its contents. *Id.* at ¶ 11.

{¶ 4} On May 6, 2019, D.M. filed the subject of this appeal, a motion for final appealable order, requesting that the trial court issue a final appealable order according to Crim.R. 32(C) and R.C. 2505.02 "because the postrelease control included within the judgment of conviction is void." (May 6, 2019 Mot. for Final Order at 1.) D.M. argued in his motion that he was not orally notified of the terms of post-release control, that the judgment entry did not properly impose post-release control, and because of that, the judgment against him was void and therefore not final or appealable. *Id.* in passim. The State responded, arguing that the judgment was not void and that even if the judgment was void in part due to the improper imposition of post-release control, it had still been generally a final appealable order. (May 14, 2019 Memo. Contra at 2-5.)

{¶ 5} After the matter was fully briefed, the trial court entered a decision on July 18, 2019. (July 18, 2019 Decision & Entry.) The trial court summarily held in its entry that the 2010 judgment entry (erroneously stating it had been filed on May 5, 2010) was a final appealable order. *Id.*

{¶ 6} D.M. now appeals.

## II. ASSIGNMENTS OF ERROR

{¶ 7}  D.M. presents three assignments of error for review:

[1.] Trial Court Erred as a Matter of Fact when it denied appellant's motion due to a non-existent May 5, 2010 Entry.

[2.] Trial Court Erred as a matter of law when it determined that appellant had a final appealable order in direct contravention of the improperly imposed post-release control sanction.

[3.] Trial Court Abused its Discretion when It Erroneously Determined That Appellant's Judgment Entry Was A Final Appealable Order.

As these assignments of error are interconnected, we address them together.

## III.  DISCUSSION

{¶ 8}  Years before D.M. was sentenced on his convictions post-trial, the Supreme Court of Ohio recognized that "a trial court has a statutory duty to provide notice of postrelease control at the sentencing hearing" and "any sentence imposed without such notification is contrary to law." *State v. Jordan*, 104 Ohio St.3d 21, 2004-Ohio-6085, ¶ 23. The "preeminent purpose" of this notice is so that "offenders subject to postrelease control know at sentencing that their liberty could continue to be restrained after serving their initial sentences." *Watkins v. Collins*, 111 Ohio St.3d 425, 2006-Ohio-5082, ¶ 52.  And because a court is generally said to speak only through its journal, the trial court is also required to incorporate that oral notice "into its journal entry imposing sentence." *Jordan* at ¶ 6, 17, paragraph one of the syllabus.  Both oral notification and incorporating it in the judgment entry are necessary to "empower[] the executive branch of government to exercise its discretion." *Id.* at ¶ 22.[1]

{¶ 9}  At the time of D.M.'s original sentencing in 2010, the trial court did not inform him of the nature and consequences of post-release control.  On that subject the

---

[1] Although the Supreme Court has long recognized the duty to notify and incorporate post-release control imposition in the judgment entry, it has now clarified that "to validly impose postrelease control, a minimally compliant entry must provide the APA [Adult Parole Authority] the information it needs to execute the postrelease-control portion of the sentence"; in essence, a "sentencing entry must contain the following information: (1) whether postrelease control is discretionary or mandatory, (2) the duration of the postrelease-control period, and (3) a statement to the effect that the Adult Parole Authority ("APA") will administer the postrelease control pursuant to R.C. 2967.28 and that any violation by the offender of the conditions of postrelease control will subject the offender to the consequences set forth in that statute." *State v. Grimes*, 151 Ohio St.3d 19, 2017-Ohio-2927, ¶ 1, 13.

trial court said, "[a]nd I'm not going to go into post-release control. There will - - with a life sentence, that carries with it continued control by the department of corrections." (Tr. at 235.)[2] But in its judgment entry, the trial court stated, "[a]fter the imposition of sentence, the Court notified the Defendant, orally and in writing, that the applicable period of post-release control pursuant to R.C. 2929.19(B)(3)(c), (d) and (e) is Five years – Mandatory." (Mar. 15, 2010 Jgmt. Entry at 2.) Under the law in effect before D.M.'s sentencing, the trial court's oral notification was plainly insufficient and not corrected by a sentencing entry that indicated otherwise and D.M.'s sentence was at the time considered void and subject to correction according to R.C. 2929.191. *See Jordan* at ¶ 25, paragraph two of the syllabus; *State v. Bezak*, 114 Ohio St.3d 94, 2007-Ohio-3250, syllabus; *State v. Singleton*, 124 Ohio St.3d 173, 2009-Ohio-6434, paragraphs one and two of the syllabus.

{¶ 10} In the years since D.M.'s sentencing, a number of decisions have clarified that the "voidness" created by insufficient notice of post-release control is partial or limited, as is the remedy for it. In *State v. Fischer*, for example, the Supreme Court stated that the resentencing or correction is "limited to proper imposition of postrelease control." 128 Ohio St. 3d 92, 2010-Ohio-6238, paragraph two of the syllabus. The high court also stated, "[a]lthough the doctrine of res judicata does not preclude review of a void sentence, res judicata still applies to other aspects of the merits of a conviction, including the determination of guilt and the lawful elements of the ensuing sentence." *Id.* at paragraph three of the syllabus. In other words, although D.M.'s original sentence was defective and in part void in relation to the imposition of post-release control, it was valid and final in all other respects.

{¶ 11} Although the trial court committed an apparent clerical error in stating the date of the original judgment entry as May 5, 2010, rather than March 15, 2010, it did not err in holding that D.M.'s underlying sentence was a final appealable order. We overrule all three of D.M.'s assignments of error.

## IV. CONCLUSION

{¶ 12} D.M.'s original sentence was insufficiently imposed and void only insofar as the trial court's required notification of post-release control. It was otherwise a final and

---

[2] The transcript was filed in three consecutively paginated volumes in the record on May 24, 2010.

appealable order in all other respects.  Accordingly, the trial court did not err in holding that it was a final appealable order and denying D.M.'s motion for a final appealable order.

*Judgment affirmed.*

BEATTY BLUNT and NELSON, JJ., concur.

—————————————