[Cite as *State v. D.M.*, 2022-Ohio-108.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

State of Ohio,                                :

     Plaintiff-Appellee,            :

                                      No. 21AP-118

v.                                            :       (C.P.C. No. 09CR-5355)

[D.M.],                                       :       (REGULAR CALENDAR)

     Defendant-Appellant.           :

---

D E C I S I O N

Rendered on January 18, 2022

---

**On brief:** *G. Gary Tyack*, Prosecuting Attorney, and *Kimberly M. Bond,* for appellee.

**On brief:** *D.M.*, pro se.

---

APPEAL from the Franklin County Court of Common Pleas

BEATTY BLUNT, J.

{¶ 1} Defendant-appellant, D.M., appeals the decision of the Franklin County Court of Common Pleas denying his Motion to Correct Partially Void Sentence.

{¶ 2} Following a jury trial, D.M. was convicted of rape, sexual battery, and two counts of gross sexual imposition, and given a total aggregate sentence of 15 years to life incarceration. On June 30, 2011, this court affirmed his conviction and sentence. *See State v. D.M.*, 10th Dist. No. 10AP-337, 2011-Ohio-3301. D.M. subsequently filed multiple motions in the trial court seeking relief from his conviction and sentence, all of which have been denied. *See, e.g., State v. D.M.*, 10th Dist. No. 19AP-512, 2019-Ohio-5086.

{¶ 3} On February 18, 2020, D.M. filed a "Motion to Correct Partially Void Sentence" in the common pleas court, arguing that he was entitled to resentencing pursuant to *State ex rel. Carnail v. McCormick*, 126 Ohio St.3d 124, 2010-Ohio-2671. He observed that even though his rape sentence had a life tail (and thus he would be placed on parole

No. 21AP-118

prior to any release), postrelease control was still statutorily required to be imposed as part of his original sentence and had not been so imposed by the sentencing court. On its initial review of his motion, the state admitted that the sentencing court had erred and stated it would acquiesce to a new sentencing hearing to correct this error.

{¶ 4} But on May 14, 2020, the Supreme Court of Ohio issued its decision in *State v. Harper*, 160 Ohio St.3d 480, 2020-Ohio-2913, overruled its prior caselaw regarding voidness of sentences for lack of post release control, and held that "sentencing errors in the imposition of postrelease control render the sentence voidable, not void, and the sentence may be set aside if successfully challenged on direct appeal." *Id.* at ¶ 42. Following the release of *Harper,* the state filed a supplemental response arguing that it controlled D.M.'s case, and that therefore his motion to correct partially void sentence should be denied. The trial court subsequently denied his motion based on *Harper*. D.M. now asserts two assignments of error with the trial court's judgment, both of which challenge the trial court's reliance on *Harper* to deny his motion.

{¶ 5} In his first assignment of error, D.M. argues that *Harper* is distinguishable from his case, in that "*Harper* involved a situation where the trial court *improperly* imposed something it was allowed to—postrelease control—whereas, here, the court completely failed to impose something it was statutorily required to impose." (Emphasis sic.) (Appellant's Brief at 6-7.) He argues that the complete failure to impose postrelease control is not governed either by *Harper* or by the Supreme Court's subsequent decision in *State v. Henderson*, 161 Ohio St.3d 285, 2020-Ohio-4784. *Henderson* specifically held:

> A judgment or sentence is void only if it is rendered by a court that lacks subject-matter jurisdiction over the case or personal jurisdiction over the defendant. If the court has jurisdiction over the case and the person, any sentence based on an error in the court's exercise of that jurisdiction is voidable. Neither the state nor the defendant can challenge the voidable sentence through a postconviction motion.

*Id.* at ¶ 43.

{¶ 6} In *Henderson*, the Supreme Court clarified the reach of its decision in *Harper* and reversed a trial court's post-sentencing addition of a life tail to a sentence, where a life tail was statutorily required but had not been originally imposed. In so holding, the court concluded that "sentences based on an error, *including sentences in which a trial court*

No. 21AP-118

*fails to impose a statutorily mandated term*, are voidable if the court imposing the sentence has jurisdiction over the case and the defendant." (Emphasis added.) *Id.* at ¶ 1. D.M.'s argument under his first assignment of error is that *Harper* is distinguishable from his case because it involved an error in the imposition of a term of postrelease control rather than the complete failure to impose postrelease control. But the rule of *Henderson* resolves any confusion on this point—pursuant to *Henderson*, even a trial court's "fail[ure] to impose a statutorily mandated term" is merely voidable and must be challenged on direct appeal so long as the trial court had jurisdiction to issue the underlying judgment. When taken together, *Harper* and *Henderson* dispose of D.M.'s argument. *Id. See also State v. Jennings*, 10th Dist. No. 18AP-139, 2020-Ohio-5154 ¶ 8 (Citing *Harper* and *Henderson* and holding that "[b]ecause the trial court had subject-matter jurisdiction in the case and personal jurisdiction over Jennings, any sentencing error committed by the trial court relating to the imposition of a post-release control sanction would have made the judgment voidable, not void.").

{¶ 7}  In his second assignment of error, D.M. argues that under *Ali v. State*, 104 Ohio St.3d 328, 2004-Ohio-6592, ¶ 6, a "new judicial ruling may not be applied retroactively to a conviction that has become final, i.e., where the accused has exhausted all of his appellate remedies."  He argues that for this reason, the court improperly applied *Harper* and *Henderson* to deny his motion (as his conviction was already final), and contends that the trial court's ruling violated the retroactive laws provision of the state constitution the principles animating the Ex Post Facto Clause of the United States Constitution. *See* Ohio Constitution, Article II, Section 28, and *Bouie v. Columbia*, 378 U.S. 347, 354 (1964) (addressing prohibition of ex post facto application of judicial decisions under Fourteenth Amendment Due Process Clause).

{¶ 8}  But D.M. has misunderstood how intervening judicial decisions usually function. "The general rule is that a decision of a court of supreme jurisdiction overruling a former decision is retrospective in its operation, and the effect is not that the former was bad law, but that it never was the law." *Peerless Elec. Co. v. Bowers*, 164 Ohio St.209, 210 (1955). We note that the sentence the state sought to have declared void in *Henderson* became final before D.M.'s own sentence did—if D.M.'s retroactivity argument were correct, *Henderson* would have been decided differently.  Moreover, D.M.'s argument that his

No. 21AP-118

sentence is void rests on *Carnail*, which was not decided until three months after he was sentenced. *Compare Carnail,* 2010-Ohio-2671 (decided June 16, 2010) *with State v. D.M.,* Franklin C.P. No. 09CR-5355, (March 15, 2010) (Jgmt. Entry of Sentencing.). Accordingly, for D.M.'s argument to prevail this court must conclude that *Carnail* applies retrospectively but that *Harper* and *Henderson* do not. Even if we were to ignore the plain fact that *Harper* and *Henderson* have overruled *Carnail* in all but name, we cannot adopt such a tortured understanding of jurisprudence and precedent.

{¶ 9} D.M.'s reliance on *Ali*, 2004-Ohio-6592, is equally unpersuasive. In *Ali*, the criminal defendant attempted to use an intervening Supreme Court decision issued after his conviction became final to reopen and vacate his sentencing. *Ali* at ¶ 3-5. D.M.'s motion is directly analogous—it attempts to use an intervening Supreme Court decision to obtain a resentencing on an already final conviction. And as the Supreme Court concluded in *Ali*, he "has no legal right to the application of [the intervening decision] to his case." *Id.* at ¶ 7.

{¶ 10} In short, we conclude that the trial court did not err in denying D.M.'s motion based on *State v. Harper*. D.M.'s two assignments of error lack merit and are overruled, and the judgment of the Franklin County Court of Common Pleas denying D.M.'s motion for resentencing is affirmed.

*Judgment affirmed.*

DORRIAN and JAMISON, JJ., concur.