[Cite as *State v. Matland*, 2022-Ohio-3784.]

# IN THE COURT OF APPEALS OF OHIO

SEVENTH APPELLATE DISTRICT
MAHONING COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

RUDOLPH K. MATLAND,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 20 MA 0108**

---

Criminal Appeal from the
Court of Common Pleas of Mahoning County, Ohio
Case No. 08CR1251

**BEFORE:**
Gene Donofrio, Cheryl L. Waite, Carol Ann Robb, Judges.

---

**JUDGMENT:**
Affirmed.

---

*Atty. Paul J. Gains*, Mahoning County Prosecutor and *Atty. Ralph M. Rivera,* Assistant Prosecutor, 21 W. Boardman Street, 6th Floor, Youngstown, Ohio 44503, for Plaintiff-Appellee and
*Atty. Louis M. DeFabio*, 4822 Market Street, Suite 220, Youngstown, Ohio 44512, for Defendant-Appellant.

Dated:
October 20, 2022

**Donofrio, P. J.**

{¶1} Defendant-Appellant, Rudolph K. Matland, appeals from a Mahoning County Common Pleas Court judgment overruling his motion to terminate post-release control supervision.

{¶2} On May 4, 2009, pursuant to a plea agreement with plaintiff-appellee, the State of Ohio, appellant pleaded guilty to felonious assault, kidnapping, aggravated burglary, menacing by stalking, and domestic violence. On June 25, 2009, the trial court held appellant's sentencing hearing and sentenced him to an aggregate sentence of eight years with five years of mandatory post-release control. Appellant filed a direct appeal. *State v. Matland*, 7th Dist. Mahoning No. 09-MA-115, 2010-Ohio-6585. This court affirmed appellant's conviction and sentence. *Id.*

{¶3} On or about October 30, 2016, appellant was released from prison and placed on a five-year period of post-release control with the Adult Parole Authority.

{¶4} On August 22, 2019, appellant was indicted in case 2018-CR-00709 on one count of escape, a fourth-degree felony in violation of R.C. 2921.34(A)(3). The indictment stemmed from allegations that appellant, while under post-release control supervision, purposely broke or attempted to break the supervised release detention or purposely failed to return to the supervised detention. Appellant eventually pleaded guilty to the escape charge.

{¶5} On March 30, 2020, appellant filed a motion to terminate post-release control supervision arguing the trial court did not properly impose post-release control and, therefore, he could not be lawfully convicted of escape.

{¶6} The trial court overruled appellant's motion on September 9, 2020. Appellant filed a timely notice of appeal on October 7, 2020. After several motions, changes in counsel, and extensions of time, appellant filed his appellate brief on February 22, 2022.

{¶7} Appellant's sole assignment of error states:

THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S MOTION TO TERMINATE POST RELEASE CONTROL SUPERVISION

ON THE BASIS OF *STATE V. HARPER* AS *HARPER* SHOULD NOT HAVE BEEN GIVEN RETROACTIVE APPLICATION.

**{¶8}** Appellant argues that in 2009, the trial court failed to properly impose post-release control due to several items missing in the sentencing judgment entry. He asserts the court failed to include language that there are consequences for a violation of post-release control and/or a specific advisement about the penalties for a violation. Appellant argues that prior to the Ohio Supreme Court's decision in *State v. Harper*, 160 Ohio St.3d 480, 2020-Ohio-2913, 159 N.E.2d 248, that portion of his sentence dealing with post-release control would have been void. Appellant points out that he filed his motion to terminate post-release control before the Supreme Court released *Harper*. He argues the trial court erred in retroactively applying *Harper*.

**{¶9}** Appellant's June 30, 2009 sentencing judgment entry included a post-release control advisement that: "Defendant has been informed that following release from confinement, he will be subject to five (5) years post release control pursuant to ORC § 2967.28."

**{¶10}** Appellant claims this advisement fails to mention the monitoring of the post-release control and fails to set out the consequences for violating post-release control.

**{¶11}** Ohio Supreme Court case law governing post-release control has changed over the past several years. The Ohio State Supreme Court set out what language must be included in a sentencing judgment entry to validly impose post-release control in *State v. Grimes*, 151 Ohio St.3d 19, 2017-Ohio-2927, 85 N.E.3d 700, ¶ 1:

> [W]hen the court orally provides all the required advisements at the sentencing hearing, the sentencing entry must contain the following information: (1) whether post release control is discretionary or mandatory, (2) the duration of the post release-control period, and (3) a statement to the effect that the Adult Parole Authority ("APA") will administer the post release control pursuant to R.C. 2967.28 and that any violation by the offender of the conditions of post release control will subject the offender to the consequences set forth in that statute.

**{¶12}** Next, in *Harper*, 2020-Ohio-2913, ¶ 1, the Supreme Court was asked whether *Grimes* applied retroactively and whether the failure to provide notice of the consequences of a violation of post-release control in the sentencing entry rendered the imposition of post-release control void ab initio and subject to collateral attack at any time. The Court found that its resolution of the second issue made it unnecessary to address whether *Grimes* applied retroactively. *Id.*

**{¶13}** The Court examined void versus voidable judgments and noted that when a case is within a court's subject-matter jurisdiction and the accused is properly before the court, any error in the exercise of that jurisdiction in imposing post-release control renders the court's judgment voidable, not void, permitting the sentence to be set aside if the error has been successfully challenged on direct appeal. *Id.* at ¶ 4. It held that when a trial court has the constitutional and statutory power to enter a finding of guilt and impose a sentence, any error in the exercise of its jurisdiction in failing to properly impose post-release control renders the judgment of conviction voidable, and it is not subject to collateral attack. *Id.* at ¶ 5. Thus, the Court rejected the notion that the failure to incorporate a notice of the consequences of a violation of post-release control in the sentencing entry as required by *Grimes* renders a sentence void to the extent that it does not properly impose post-release control. *Id.* at ¶ 6, overruling *Grimes*.

**{¶14}** Shortly after *Harper*, the Ohio Supreme Court considered whether to declare a sentence void and allow the state to correct a sentencing error through a motion for resentencing. *State v. Henderson*, 161 Ohio St.3d 285, 2020-Ohio-4784, 162 N.E.3d 776. The Court held:

> Our decision today restores the traditional understanding of what constitutes a void sentence. A judgment or sentence is void only if it is rendered by a court that lacks subject-matter jurisdiction over the case or personal jurisdiction over the defendant. If the court has jurisdiction over the case and the person, any sentence based on an error in the court's exercise of that jurisdiction is voidable. Neither the state nor the defendant can challenge the voidable sentence through a postconviction motion.

*Id.* at ¶ 43.

{¶15}   Finally, in *State v. Hudson*, 161 Ohio St.3d 166, 2020-Ohio-3849, 161 N.E.3d 608, ¶ 6, the Court was faced with a situation where Hudson was sentenced and the trial court advised him of the potential consequences of violating post-release control at the sentencing hearing and in a separate document, but the trial court did not include that notice in the sentencing entry.  The Court of Appeals affirmed Hudson's convictions and sentence on direct appeal.  *Id.* at ¶ 7.  Ten years later, Hudson filed a motion to vacate and sought release from post-release control, claiming the trial court had failed to properly impose post-release control and that that part of his sentence was void, which the trial court denied.  *Id.* at ¶ 8.  On appeal, the court concluded that Hudson's sentencing entry had not properly imposed post-release control, because the trial court had not incorporated notice of the consequences of a violation into the sentencing entry.  *Id.* at ¶ 19.   It remanded the matter to the trial court for a nunc pro tunc entry to correct the deficiency.  *Id.* at ¶ 9.

{¶16}   On appeal to the Ohio Supreme Court, the Court was asked to consider whether a trial court may correct the failure to include notice of the consequences of violating post-release control in the sentencing entry after the offender has served the stated prison term.  *Id.* at ¶ 1.  The Court held:

> Our decision in *Harper* controls the resolution of this appeal. Hudson was indicted for aggravated murder and felony counts of aggravated burglary, aggravated robbery, felonious assault, kidnapping, tampering with evidence, intimidation, and having a weapon while under a disability. The common pleas court is the proper forum for trying these offenses, and it had subject-matter jurisdiction over this case and personal jurisdiction over the parties.
>
> Because the trial court had the constitutional and statutory power to proceed to judgment, any error in imposing post release control was an error in the exercise of jurisdiction.  Such an error could have been objected to in the trial court and may have been reversible error on direct appeal, but it did not render any part of Hudson's sentence void.  And because Hudson could have raised on appeal his argument that the trial court failed to

properly impose post release control, it is now barred by the doctrine of res judicata.

*Id.* at ¶¶ 15-16; (Internal citations omitted).

**{¶17}** The Tenth District applied *Harper* and *Hudson* in a recent case. In *State v. D.M.*, 10th Dist. Franklin No. 21AP-118, 2022-Ohio-108, D.M. was convicted of multiple offenses and sentenced to an aggregate sentence of 15 years to life incarceration. He appealed. In 2011, the appellate court affirmed his conviction and sentence. On February 18, 2020, D.M. filed a "Motion to Correct Partially Void Sentence" in the trial court, arguing that he was entitled to resentencing because even though his rape sentence had a life tail (and thus he would be placed on parole prior to any release), post-release control was still statutorily required to be imposed as part of his original sentence and had not been so imposed by the trial court. At first, the state admitted that the trial court had erred and stated it would acquiesce to a new sentencing hearing to correct the error. But then on May 14, 2020, the Ohio Supreme Court issued its decision in *Harper*, supra. Following the release of *Harper*, the state filed a supplemental response arguing that it controlled D.M.'s case, and his motion should be denied. The trial court denied D.M.'s motion based on *Harper*. D.M. appealed arguing the trial court should not have relied on *Harper*.

**{¶18}** On appeal, D.M. first argued that *Harper* was distinguishable from his case because it involved an error in the imposition of a term of post-release control rather than the complete failure to impose post-release control. *Id.* at ¶ 6. The Tenth District determined that *Henderson*, supra, resolved this issue because, pursuant to *Henderson*, "even a trial court's 'fail[ure] to impose a statutorily mandated term' is merely voidable and must be challenged on direct appeal so long as the trial court had jurisdiction to issue the underlying judgment." *Id.*, quoting *Henderson* at ¶ 1. The court reasoned that, when taken together, *Harper* and *Henderson* disposed of D.M.'s first argument. *Id.*

**{¶19}** D.M. next argued that, pursuant to case law, a new judicial ruling could not be applied retroactively to a conviction where the accused has exhausted all of his appellate remedies. *Id.* at ¶ 7. Thus, he asserted the trial court improperly applied *Harper* and *Henderson* to deny his motion. *Id.* In rejecting this argument, the appellate court found:

Case No. 20 MA 0108

D.M. has misunderstood how intervening judicial decisions usually function. "The general rule is that a decision of a court of supreme jurisdiction overruling a former decision is retrospective in its operation, and the effect is not that the former was bad law, but that it never was the law." *Peerless Elec. Co. v. Bowers*, 164 Ohio St.209, 210 (1955). We note that the sentence the state sought to have declared void in *Henderson* became final before D.M.'s own sentence did—if D.M.'s retroactivity argument were correct, *Henderson* would have been decided differently.

*Id.* at ¶ 8.

**{¶20}** Therefore, the Tenth District concluded that the trial court did not err in denying D.M.'s motion based on *Harper*. *Id.* at ¶ 10.

**{¶21}** Moreover, speaking generally as to res judicata's application in postconviction proceedings, the Ohio Supreme Court has stated: "There is no merit to appellee's claim that res judicata has no application where there is a change in the law due to a judicial decision of this court. Res judicata is applicable in all postconviction relief proceedings." *State v. Szefcyk*, 77 Ohio St.3d 93, 95, 671 N.E.2d 233 (1996).

**{¶22}** Thus, based on the case law, we conclude that the trial court did not err in applying *Harper* to deny appellant's motion to terminate post-release control supervision.

**{¶23}** Accordingly, appellant's sole assignment of error is without merit and is overruled.

**{¶24}** For the reasons stated above, the trial court's judgment is hereby affirmed.

Waite, J., concurs.
Robb, J., concurs.

_____

For the reasons stated in the Opinion rendered herein, the sole assignment of error is overruled and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Mahoning County, Ohio, is affirmed.  Costs to be waived.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**